UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION
No.: _____

| | |
|---|---|
| B.A.P., a minor child by and through her parent, Richard Penkoski; and Richard Penkoski, as the parent and legal guardian of B.A.P.,<br><br>Plaintiffs,<br><br>- against -<br><br>OVERTON COUNTY BOARD OF EDUCATION,<br><br>Defendant. | **PLAINTIFFS' VERIFIED COMPLAINT**<br><br>**JURY TRIAL REQUESTED**<br><br>CIVIL RIGHTS ACTION TITLE 42 U.S.C. § 1983<br><br>DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES |

COME NOW Plaintiffs, B.A.P., a minor child by and through her parent, Richard Penkoski; and Richard Penkoski, as the parent and legal guardian of B.A.P., (hereinafter "Plaintiffs"), and as their cause of action against Defendant herein, aver as follows:

**INTRODUCTION**

1.      Plaintiffs brings this action seeking declaratory relief, injunctive relief, and damages to redress deprivations by the OVERTON COUNTY BOARD OF EDUCATION ("School District/Defendant").

2.      On August 25, 2020, the Principal of Livingston Academy, within the Overton County School District, removed Plaintiff B.A.P. from her class and ordered her to change her clothing, pursuant to the dress code found in School District and Livingston Academy's "2020-2021 Student Handbook" (the "Policy"), and the practices and customs approved by the School District for interpreting, enforcing, and applying the Policy. Plaintiff and her parent challenge the manner in which the Policy was interpreted, enforced, and applied against Plaintiff B.A.P. pursuant

1

to the training, policies, and practices used by the OVERTON COUNTY BOARD OF EDUCATION. The OVERTON COUNTY BOARD OF EDUCATION trains its employees to interpret, enforce, and apply the Policy. Plaintiff challenges the School District's policy, practice, or custom for training its employees to interpret, enforce, and apply the Policy, and alleges that the training and/or instruction is either erroneous or lacking in proper instruction to avoid violations of Plaintiffs' constitutional rights.

3.      This action challenges the OVERTON COUNTY BOARD OF EDUCATION's Policy as written (facial challenge) and the practice and/or custom for training (or lack of training for) its employees to interpret, enforce, and apply (as-applied challenge) the Policy, and the practices and customs approved by the School District for interpreting, enforcing, and applying the School District's Policy.

4.      This action challenges the interpretation and enforcement (as-applied challenge) of the School District's Policy against Plaintiff B.A.P. on August 25, 2020, and seeks injunctive relief to prevent future enforcement of the Policy and the practices and customs approved by the School District for interpreting, enforcing, and applying the School District's Policy.

## PARTIES

5.      Plaintiff, B.A.P., is a minor and student at Livingston Academy, within the Overton County School District.

6.      Plaintiff, Richard Penkoski, is the parent and legal guardian of Plaintiff B.A.P. and other children in the School District. Plaintiff, Richard Penkoski, is prosecuting this action individually and in his representative capacity on behalf of B.A.P.

7.      Defendant, OVERTON COUNTY BOARD OF EDUCATION, is a body politic and corporate located within the State of Tennessee and has the ability to sue and be sued. The School District has the right, power, privilege, and authority to adopt and enforce the Policy. The School

2

District has the right, power, privilege, and authority to train (or fail to properly train) its employees to interpret, enforce, and apply the Policy and other regulations and to do and perform all of the acts pertaining to its local affairs. At all material times, the School District acted toward Plaintiffs under color of the statutes, ordinances, customs, and usage of the School District. At all material times, the School District was the employer of the School District's employees, including but not limited to Principal Richard Melton and other unknown employees acting to interpret, enforce, and apply the Policy against Plaintiffs, and is responsible for the training (or lack thereof), related to the policies, practices, and customs of the School District's Livingston Academy. The School District knew of the unlawful enforcement of the School District's Policy alleged herein, and had the power and authority to remedy the unlawful interpretation, enforcement, and application, but failed to do so. The School District, by both its acts and failure to act, has ratified the unlawful interpretation, enforcement, and application of the Policy.

## JURISDICTION AND VENUE

8.      Plaintiffs brings this action seeking injunctive relief and nominal and/or compensatory damages to redress deprivations by the School District, acting under color of state law, of certain rights secured to Plaintiffs and others as alleged herein under the United States Constitution as brought pursuant to 42 U.S.C. § 1983.

9.      Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. § 1983.

10.      Jurisdiction is also conferred on this Court by 28 U.S.C. § 1331 because the cause of action arises under the Constitution and laws of the United States.

3

11.     This Court has supplemental subject-matter jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a) in that the state law claims form part of the same case or controversy as the federal claims.

12.     This Court is authorized to grant Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, implemented through Rule 57 of the Federal Rules of Civil Procedure, and under Tennessee's Religious Freedom Restoration Act of 2009, Title 4, Chapter 21, Part 11, C.A. § 4-21-1101, and to issue the Preliminary and Permanent Injunctive relief requested by Plaintiffs under Rule 65 of the Federal Rules of Civil Procedure.

13.     This Court is authorized to grant Plaintiffs' prayer for relief and to award Plaintiffs' costs in this action for violations of Plaintiffs' constitutional and civil rights, including a reasonable attorneys' fee, pursuant to 42 U.S.C. § 1983; 42 U.S.C. § 1988; Tennessee's Religious Freedom Restoration Act of 2009, Title 4, Chapter 21, Part 11, C.A. § 4-21-1101; Rule 54 of the Federal Rules of Civil Procedure; and 28 U.S.C. § 1920.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the School District resides and/or does business in the Middle District of Tennessee and may be found and served in the Middle District of Tennessee.

15.     Venue is proper in the Middle District of Tennessee as all of the events giving rise to the claims herein occurred in this District.

## **FACTS**

16.     Plaintiff B.A.P. is an individual acting to spread awareness of her views regarding political, religious and social topics.

17.     Among Plaintiff B.A.P.'s purposes is the belief in a mandate to exercise her rights to freedom of speech and the free exercise of religion, and to further her political, religious, and social beliefs.

18.     Plaintiffs bring this action to vindicate and protect Plaintiffs' rights to Freedom of Speech, the Free Exercise of Religion, Due Process, the Equal Protection of the Laws, and rights under Tennessee's Religious Freedom Restoration Act of 2009, Title 4, Chapter 21, Part 11, C.A. § 4-21-1101, in the School District by ensuring that the School District is restrained from acting prospectively in violation of those rights.

### Plaintiff B.A.P.'s Planned Activities

19.     Plaintiff B.A.P. has shared her political, religious, and social speech with people in the School District.

20.     Through the wearing of specific clothing and discussion of the topic represented by messages on her clothing, Plaintiff B.A.P. expresses her political viewpoint.

21.     Plaintiff B.A.P. has not harassed, encouraged violence, or expressed herself in any way other than in a peaceful manner.

22.     Plaintiff B.A.P. desires to continue her peaceful activities without being marked as absent, expelled, demerited, or suspended.

23.     Plaintiff B.A.P. shares her opinion verbally with others while attending Livingston Academy, within the Overton County School District.

24.     Plaintiff B.A.P. wears clothing that expresses a political thought or message with others while attending Livingston Academy, within the Overton County School District.

25.     On upcoming days – including but not limited to days in October 2020 through May 2023 – Plaintiff B.A.P. has plans to engage in her constitutionally-protected activities by peacefully expressing her political, religious, and social speech within the School District's schools through the wearing of specific clothing and discussion of the topics represented by messages on her clothing.

5

26.     As a direct and proximate result of the School District's prior enforcement of the Policy, Plaintiff B.A.P. is unsure of her ability to exercise her constitutionally-protected activities, and fears retaliation, suspension and/or expulsion.

### The School District Adopts the Policy

27.     The School District adopted the Policy titled "2020-2021 Student Handbook."

28.     The Policy states in part: "Clothing with offensive messages, including advertisements for drugs, alcohol, tobacco, sexual connotations or double meanings is unacceptable."

29.     The Policy does not define the term "offensive messages".

30.     The Policy does not define the term "sexual connotations".

31.     The Policy does not define the term "double meanings".

32.     The Policy defines the expected standard for dress as: "Students are expected to display good taste in matters of dress and grooming."

33.     The Policy does not define the term "good taste in matters of dress".

34.     The Policy states in part: "Attire and/or grooming for the regular school day should in no way disturb or distract other students or teachers from their normal scholastic pursuits."

35.     The Policy does not define a specific disciplinary practice for violations of the dress code.

### The School District's Practice of Violating Plaintiffs' Constitutional Rights

36.     On August 25, 2020, Plaintiff B.A.P. arrived at Livingston Academy, within the Overton County School District, to attend classes.

37.     On August 25, 2020, Plaintiff B.A.P. was wearing a shirt with a message stating "homosexuality is a sin - 1 Corinthians 6:9-10" to express her political viewpoint founded upon her religious beliefs.

6

38.     On August 25, 2020, Plaintiff B.A.P. was attending a class where the teacher, Mr. Henson, was displaying a pro-homosexual symbol.

39.     On August 25, 2020, Mr. Henson stated that Plaintiff B.A.P. was required to report to the Principal's office immediately.

40.     On August 25, 2020, Plaintiff B.A.P. was forced to leave her class and report to the administration offices.

41.     The School District's employee, Principal Richard Melton, stated that Plaintiff B.A.P.'s clothing violated the dress code because it was "sexually connotative".

42.     Principal Melton read from the Policy regarding sexual connotation.

43.     Principal Melton asked Plaintiff B.A.P. if she had brought a sweater or sweatshirt with her to cover up the message on her shirt. Plaintiff B.A.P. informed Principal Melton that she had not brought any sweater with her.

44.     Principal Melton instructed Plaintiff B.A.P. to call her parents and request a change of clothing.

45.     Principal Melton warned Plaintiff B.A.P. that she would not be released from the office unless she changed her clothing, pursuant to the dress code.

46.     Plaintiff B.A.P. texted her mother and father, informing them that someone in administration found her in violation of the School District's dress code. Plaintiff B.A.P. informed her parents that she was being asked to cover the message on her shirt or change her shirt.

47.     Plaintiff Richard Penkoski called the school office and Principal Melton introduced himself as the one who had removed Plaintiff B.A.P. from her classes pursuant to his interpretation of the School District's dress code Policy.

48.     Principal Melton stated to Plaintiff Richard Penkoski that the message on Plaintiff B.A.P.'s  shirt was sexually connotative.

7

49. Plaintiff Richard Penkoski told Principal Melton that the family would deliberate and would call back.

50. After a short deliberation, Plaintiff Richard Penkoski called Principal Melton's office and was put on hold for an extended period of time.

51. Principal Melton finally answered the call and Plaintiff Richard Penkoski asked for clarification on Principal Melton's interpretation of the School District's dress code Policy.

52. Principal Melton read from the School District's Policy and stated that Plaintiff B.A.P. was in violation of the School District's Policy under the provision against clothing that is "sexually connotative."

53. Plaintiff Richard Penkoski asked for further clarification on the term "sexually connotative."

54. Principal Melton clarified that the word "homosexuality" on Plaintiff B.A.P.'s shirt might be sexual connotation because it contains the letters for "sex."

55. As interpreted an applied, the School District's Policy prohibits any message on clothing if somewhere within any other word the letters combine to the word "sex."

56. The School District does not prohibit the word "sex" from being spoken either during an educational in-class setting or a non-class time casual setting. On October 8, 2020, Mr. Henson and a second teacher, Ms. Wood, were conversing with a student. The student stated, "I'm pretty sure they were having sex, and I had to interrupt them." Mr. Henson and Ms. Wood laughed together at the student's comment.

57. Principal Melton stated that Plaintiff B.A.P. was in violation of the School District's Policy that if Plaintiff B.A.P. did not change the shirt she would be forced to go home.

58. Principal Melton and Plaintiff Richard Penkoski ended the phone call.

8

59.     Plaintiff B.A.P.'s stepmother travelled to Livingston Academy and took B.A.P. home.

60.      Plaintiff B.A.P.'s school records were marked that she was "absent" and she received an "absent" demerit on her record for August 25, 2020.

## Examples of the School District not enforcing the Policy

61.     The School District has not found the following articles of clothing/expression violated the Policy:

1) In 2020, a student at Livingston Academy within the School District wore a shirt with the statement "Virginity Rocks."

2) In 2020, a student at Rickman Elementary within the School District within the School District wore a shirt depicting the pro-homosexual message "LGBT+ pride."

3) In 2020, a student at Livingston Academy within the School District wore sneakers depicting the pro-homosexual symbol pride rainbow.

4) In 2020, a student at Livingston Academy within the School District wore a facial covering comprised of a gun pattern.

5) In 2020, a student at Livingston Academy within the School District during a virtual Spanish class with the teacher online displayed a message stating, "And if you ain't a hoe, get up out my trap house." Pursuant to the School District's virtual classroom policy, students attending virtually are considered "in the classroom" and the School District's Policy applies at all times during the virtual class.

## GENERAL ALLEGATIONS

9

62. As a direct and proximate result of the prior enforcement of the Policy, and the School District policy, practice, or procedure, Plaintiff B.A.P. is forfeiting her constitutionally-protected activities due to fear of retaliation, demerit, suspension, and/or expulsion.

63. As a direct and proximate result of the enforcement of the Policy, and the School District's policy, practice, or procedure, on August 25, 2020, Plaintiff B.A.P. was unconstitutionally denied the right to exercise her freedom of speech.

64. As a direct and proximate result of the enforcement of the Policy, and the School District's policy, practice, or procedure, on August 25, 2020, Plaintiff B.A.P. was unconstitutionally denied the right to the free exercise of her religion.

65. As a direct and proximate result of the enforcement of the Policy, and the School District's policy, practice, or procedure, on August 25, 2020, Plaintiff B.A.P. was publicly embarrassed.

66. As a direct and proximate result of the enforcement of the Policy, and the School District's policy, practice, or procedure, on August 25, 2020, and the School District's employees' actions under color of the Policy, Plaintiffs fear future threat of retaliation, demerit, suspension, and/or expulsion of Plaintiff B.A.P. and/or Plaintiff Richard Penkoski's other children attending school in the School District.

67. As a direct and proximate result of the enforcement of the Policy, and the School District's policy, practice, or procedure, on August 25, 2020, and the School District's employees' actions under color of the Policy, Plaintiffs are uncertain and unsure of the ability to exercise constitutional rights.

68. Plaintiffs have been damaged by the deprivation of their rights guaranteed by the United States Constitution and Tennessee's Religious Freedom Restoration Act of 2009, Title 4, Chapter 21, Part 11, C.A. § 4-21-1101.

10

69.     As interpreted and enforced, Plaintiff B.A.P.'s manner of expressing her constitutional rights is prohibited by the Policy and/or the School District's custom, practice, or procedure.

70.     Plaintiffs are uncertain whether Plaintiff B.A.P. and/or Plaintiff Richard Penkoski's other children attending school in the School District will suffer retaliation, demerit, suspension, and/or expulsion in the future while attempting to exercise constitutional rights within the School District.

71.     The threat of future demerit and disciplinary action is both great and immediate.

72.     The future impingement of Plaintiffs' rights is an absolute certainty unless and until this Court grants the injunctive relief requested herein.

73.     Plaintiffs' constitutional rights have been discouraged to the point that Plaintiffs fear retaliation, demerit, suspension, and/or expulsion and/or other disciplinary action while exercising constitutional and civil rights.

74.     Plaintiff B.A.P. wishes to continue exercising her constitutional rights, and has specific and concrete intentions to continue engaging in the exercise of her constitutional rights, including activities prohibited by the Policy and by the School District's custom, practice, or procedure, as interpreted and enforced, but she is fearful of retaliation, demerit, suspension, and/or expulsion and/or other disciplinary action for exercising her constitutional and civil rights.

75.     The violations of Plaintiffs' constitutional rights alleged herein have caused, and will continue to cause, Plaintiffs to suffer extreme hardship, both actual and impending, irreparable injury, and damage.

76.     There is a substantial likelihood that Plaintiffs will prevail on the merits in this case because the enforcement of the Policy, and the School District's custom, practice, or procedure

11

constitute an abridgement of Plaintiffs' constitutional rights and a violation of Tennessee's Religious Freedom Restoration Act of 2009, Title 4, Chapter 21, Part 11, C.A. § 4-21-1101.

77.     The harm to Plaintiffs outweighs any subjective harm to the School District.

78.     The public interest is benefited when constitutional and civil rights are protected by the Courts.

79.     The enforcement of the Policy and the School District's customs, policies, and practices deprived Plaintiff B.A.P. of her right to freedom of speech and the free exercise of religion protected under the United States Constitution and Tennessee's Religious Freedom Restoration Act of 2009, Title 4, Chapter 21, Part 11, C.A. § 4-21-1101.

80.     The School District acted without reasonable cause and without due care in causing the deprivation of Plaintiff B.A.P.'s rights to freedom of speech and the free exercise of religion protected under the United States Constitution and Tennessee's Religious Freedom Restoration Act of 2009, Title 4, Chapter 21, Part 11, C.A. § 4-21-1101.

81.     As a direct and proximate result of the actions and omissions under the Policy, Plaintiff B.A.P. suffered the loss of Plaintiff's freedom of speech and free exercise of religion protected under the United States Constitution and Tennessee's Religious Freedom Restoration Act of 2009, Title 4, Chapter 21, Part 11, C.A. § 4-21-1101.

82.     The School District's actions and omissions were performed with malice, or oppression, or callous or deliberate indifference, or a conscious disregard of Plaintiff B.A.P.'s rights to freedom of speech and the free exercise of religion protected under the United States Constitution and Tennessee's Religious Freedom Restoration Act of 2009, Title 4, Chapter 21, Part 11, C.A. § 4-21-1101.

83.     The enforcement of the Policy and the School District's policy, practice, or procedure, and the School District's customs and practices, enforced under the Policy, are the

12

moving force behind the violation of Plaintiff B.A.P.'s rights to freedom of speech and the free exercise of religion protected under the United States Constitution and Tennessee's Religious Freedom Restoration Act of 2009, Title 4, Chapter 21, Part 11, C.A. § 4-21-1101.

84. The enforcement of the Policy and the School District's policy, practice, or procedure, and the School District's customs and practices operate to unconstitutionally limit, ban, and censor Plaintiff B.A.P.'s rights to freedom of speech and the free exercise of religion protected under the United States Constitution and Tennessee's Religious Freedom Restoration Act of 2009, Title 4, Chapter 21, Part 11, C.A. § 4-21-1101.

85. The School District had a duty at all times mentioned herein to implement and enforce policies and procedures to adequately supervise and adequately train employees so as to prevent the constitutional violations and the violation of Tennessee's Religious Freedom Restoration Act of 2009, Title 4, Chapter 21, Part 11, C.A. § 4-21-1101, as alleged herein.

86. The School District failed to implement and enforce policies and procedures to adequately supervise and adequately train employees so as to prevent the constitutional violations and the violation of Tennessee's Religious Freedom Restoration Act of 2009, Title 4, Chapter 21, Part 11, C.A. § 4-21-1101, as alleged herein.

87. The School District's actions and omissions regarding the failure to adequately train employees so as to prevent the constitutional violations alleged herein exhibit deliberate indifference toward Plaintiff B.A.P.'s rights to freedom of speech and the free exercise of religion protected under the United States Constitution and Tennessee's Religious Freedom Restoration Act of 2009, Title 4, Chapter 21, Part 11, C.A. § 4-21-1101.

88. Plaintiffs have satisfied all conditions precedent to bringing this action.

89. Plaintiffs are entitled to recover reasonable attorneys' fees and costs from Defendant pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Fed. R. Civ. P. 54, and 28 U.S.C. § 1920.

13

## AS AND FOR A FIRST CAUSE OF ACTION:

### SECTION 1983 – UNCONSTITUTIONAL POLICY
### ALLEGED AGAINST DEFENDANT SCHOOL DISTRICT

### THE POLICY AND DEFENDANT'S ACTIONS
### VIOLATE THE FREEDOM OF SPEECH CLAUSE OF
### THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

90.     The averments of paragraphs 1-89 are repeated and alleged in full force and effect as if repeated in their entirety herein.

91.     The First Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, prohibits unconstitutionally abridging the freedom of speech.

92.     As interpreted and enforced by the School District, Plaintiff B.A.P.'s manner of freedom of speech is prohibited by the Policy.

93.     The School District's actions were taken with reckless indifference to Plaintiff B.A.P.'s right to freedom of speech.

94.     As interpreted an applied, the School District's Policy prohibits any message on clothing if somewhere within any other word the letters combine to the word "sex."

95.     The School District does not prohibit the word "sex" from being spoken either during an educational in class setting or a non-class time casual setting.

96.     The School District's Policy, actions, customs, procedures and practices, and failure to adequately supervise and adequately train the School District's employees, and the resultant enforcement as alleged herein, unconstitutionally impose a burden on Plaintiff B.A.P.'s and other individuals' constitutional rights because they:

a.      allow for the exercise of unbridled discretion; and,

b.      are so vague they lack common meaning or understanding; and,

14

c.     lack narrow tailoring, fail to achieve any legitimate government purpose,

and fail to leave open alternative avenues for expression.

97.     The Policy impedes Plaintiff B.A.P.'s right to freedom of speech because it denies Plaintiff B.A.P.'s right to freedom of speech and satisfies no rational, substantial, or compelling government interest in the least restrictive means possible.

98.     As applied, the Policy prohibits Plaintiff B.A.P.'s manner of freedom of speech.

99.     Plaintiff B.A.P. was deprived of her right under the First Amendment to engage in freedom of speech activities prohibited by the Policy.

100.     Plaintiff B.A.P. has been, and continues to be, deprived of her right under the First Amendment to engage in freedom of speech.

101.     Plaintiffs have suffered injuries and damages as a result of the School District's deprivation of rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for the School District's actions and/or omissions, and these harms are reasonably certain to be experienced into the future.

WHEREFORE, Plaintiffs respectfully request that this Court grant the relief requested hereinafter in the Prayer for Relief, and any further relief this Court deems just under the circumstances.

**AS AND FOR A SECOND CAUSE OF ACTION:**

**SECTION 1983 – UNCONSTITUTIONAL POLICY**
**ALLEGED AGAINST DEFENDANT SCHOOL DISTRICT**

**THE POLICY AND DEFENDANT'S ACTIONS**
**VIOLATE THE FREE EXERCISE CLAUSE OF**
**THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION**

15

102.    The averments of paragraphs 1-89 are repeated and alleged in full force and effect as if repeated in their entirety herein.

103.    The First Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, prohibits unconstitutionally abridging the free exercise of religion.

104.    Plaintiffs have a personal belief in the Biblical mandate to spread the Gospel of Jesus Christ, and Plaintiff B.A.P. engages in activities, for the purpose of spreading the Gospel of Jesus Christ, that are prohibited by the Policy.

105.    The Bible instructs believers to share the Gospel of Jesus Christ with others, and Plaintiffs rely upon the Bible to guide their words and actions.

106.    As interpreted and enforced by the School District, Plaintiff B.A.P.'s manner of free exercise of religion is prohibited by the Policy.

107.    The School District's actions were done with reckless indifference to Plaintiff B.A.P.'s right to the free exercise of religion.

108.    The School District's enforcement requires Plaintiff B.A.P. to censor her religious speech and imposes a substantial burden on Plaintiff B.A.P. that is not imposed on other individuals.

109.    By forcing Plaintiff B.A.P. to choose between abandoning her religious beliefs in order to receive an education and, alternatively, abiding by her religious beliefs only to be demerited and disciplined, the School District has imposed a substantial burden on Plaintiff B.A.P.'s sincerely-held religious beliefs and the exercise of her religion.

110.    The School District's Policy, actions, customs, procedures and practices, and failure to adequately supervise and adequately train the School District's employees, and the resultant

16

enforcement as alleged herein, unconstitutionally impose a burden on Plaintiff B.A.P.'s and other individuals' constitutional rights because they:

    a.      allow for the exercise of unbridled discretion; and,

    b.      are so vague they lack common meaning or understanding; and,

    c.      lack narrow tailoring, fail to achieve any legitimate government purpose,

and fail to leave open alternative avenues for expression.

111.    The Policy impedes Plaintiff B.A.P.'s right to the free exercise of religion because it denies Plaintiff B.A.P.'s right to the free exercise of religion and satisfies no rational, substantial, or compelling government interest in the least restrictive means possible.

112.    As applied, Plaintiff B.A.P.'s manner of free exercise of religion is prohibited by the Policy.

113.    Plaintiff B.A.P. was deprived of her right under the First Amendment to engage in free exercise of religion activities prohibited by the Policy.

114.    Plaintiff B.A.P. has been, and continues to be, deprived of her right under the First Amendment to engage in the free exercise of religion.

115.    Plaintiffs have suffered injuries and damages as a result of the School District's deprivation of their rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for the School District's actions and/or omissions, and these harms are reasonably certain to be experienced into the future.

WHEREFORE, Plaintiffs respectfully request that this Court grant the relief requested hereinafter in the Prayer for Relief, and any further relief this Court deems just under the circumstances.

**AS AND FOR A THIRD CAUSE OF ACTION:**

17

**SECTION 1983 – UNCONSTITUTIONAL POLICY
ALLEGED AGAINST DEFENDANT SCHOOL DISTRICT**

**THE POLICY AND DEFENDANT'S ACTIONS VIOLATE THE
DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS
TO THE UNITED STATES CONSTITUTION**

116. The averments of paragraphs 1-89 are repeated and alleged in full force and effect as if repeated in their entirety herein.

117. The Fifth and Fourteenth Amendments to the United States Constitution prohibit unconstitutionally abridging the Freedom of Speech and/or the Free Exercise of Religion.

118. The School District's Policy, actions, customs, procedures and practices, and failure to adequately supervise and adequately train the School District's employees, and the resultant enforcement as alleged herein, lack sufficient objective standards to curtail the discretion of the School District's officials. This provides the School District and its officials and employees the opportunity to enforce restrictions in an *ad hoc*, arbitrary, and discriminatory manner.

119. The School District's Policy, actions, customs, procedures and practices, and failure to adequately supervise and adequately train the School District's employees, and the resultant enforcement as alleged herein, unconstitutionally impose a burden on Plaintiff B.A.P.'s and other individuals' constitutional rights because they:

    a.     allow for the exercise of unbridled discretion; and,

    b.     are so vague they lack common meaning or understanding; and,

    c.     lack narrow tailoring, fail to achieve any legitimate government purpose,

and fail to leave open alternative avenues for expression.

120. Plaintiff B.A.P. was deprived of her constitutional rights prohibited by the School District's Policy as interpreted and enforced by the School District.

18

121.     The School District actions, policies, and practices unconstitutionally restrict and prohibit Plaintiff B.A.P.'s rights under the First Amendment to engage in Freedom of Speech and Free Exercise of Religion activities.

122.     The School District's actions, policies, and practices are unconstitutionally vague and overbroad and are not narrowly tailored to address the School District's interests, thereby allowing the School District's officials and employees to unconstitutionally restrict and prohibit Plaintiff B.A.P.'s rights, and those of the general public, to engage in Freedom of Speech and Free Exercise of Religion activities otherwise protected under the First Amendment.

123.     Plaintiff B.A.P. was deprived of her right to engage in Freedom of Speech and Free Exercise of Religion activities prohibited by the Policy as interpreted and enforced by the School District.

124.     Plaintiff B.A.P. has been, and continues to be, deprived of her right to engage in Freedom of Speech and Free Exercise of Religion activities.

125.     Plaintiffs have suffered injuries and damages as a result of the School District's deprivation of their rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for the School District's actions and/or omissions, and these harms are reasonably certain to be experienced into the future.

WHEREFORE, Plaintiffs respectfully request that this Court grant the relief requested hereinafter in the Prayer for Relief, and any further relief this Court deems just under the circumstances.

**AS AND FOR A FOURTH CAUSE OF ACTION:**

**SECTION 1983 – UNCONSTITUTIONAL POLICY**
**ALLEGED AGAINST DEFENDANT SCHOOL DISTRICT**

19

## THE POLICY AND DEFENDANT'S ACTIONS VIOLATE THE
## EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT
## TO THE UNITED STATES CONSTITUTION

126.     The averments of paragraphs 1-89 are repeated and alleged in full force and effect as if repeated in their entirety herein.

127.     The Fourteenth Amendment to the United States Constitution prohibits unconstitutionally abridging the Freedom of Speech and/or the Free Exercise of Religion through unequal restrictions.

128.     The School District's Policy, actions, customs, procedures and practices, and failure to adequately supervise and adequately train the School District's employees, and the resultant enforcement as alleged herein, lack sufficient objective standards to curtail the discretion of the School District's officials. This provides the School District and its officials and employees the opportunity to enforce restrictions in an *ad hoc*, arbitrary, and discriminatory manner.

129.     The School District's Policy, actions, customs, procedures and practices, and failure to adequately supervise and adequately train the School District's employees, and the resultant enforcement as alleged herein, unconstitutionally impose a burden on Plaintiff B.A.P.'s and other individuals' constitutional rights because they:

a.      allow for the exercise of unbridled discretion; and,

b.      are so vague they lack common meaning or understanding; and,

c.      lack narrow tailoring, fail to achieve any legitimate government purpose,

and fail to leave open alternative avenues for expression.

130.     Plaintiff B.A.P. was deprived of her constitutional rights prohibited by the School District's Policy as interpreted and enforced by the School District.

131.     The School District actions, policies, and practices unconstitutionally restrict and prohibit Plaintiff B.A.P.'s rights under the First Amendment to engage in Freedom of Speech and

20

Free Exercise of Religion activities through unequal restrictions imposed upon her and not others similarly situated.

132.    The School District's actions, policies, and practices are unconstitutionally overbroad and are not narrowly tailored to address the School District's interests, thereby allowing the School District's officials and employees to unconstitutionally restrict and prohibit Plaintiff B.A.P.'s rights, and those of the general public, to engage in Freedom of Speech and Free Exercise of Religion activities otherwise protected under the First Amendment.

133.    Plaintiff B.A.P. was deprived of her right to engage in Freedom of Speech and Free Exercise of Religion activities prohibited by the Policy as interpreted and enforced by the School District through unequal restrictions imposed upon her and not others similarly situated.

134.    Plaintiff B.A.P. has been, and continues to be, deprived of her right to engage in Freedom of Speech and Free Exercise of Religion activities through unequal restrictions imposed upon her and not others similarly situated.

135.    Plaintiffs have suffered injuries and damages as a result of the School District's deprivation of their rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for the School District's actions and/or omissions, and these harms are reasonably certain to be experienced into the future.

WHEREFORE, Plaintiffs respectfully request that this Court grant the relief requested hereinafter in the Prayer for Relief, and any further relief this Court deems just under the circumstances.

**AS AND FOR A FIFTH CAUSE OF ACTION:**

**VIOLATION OF TENNESSEE'S RELIGIOUS FREEDOM RESTORATION ACT
ALLEGED AGAINST DEFENDANT SCHOOL DISTRICT**

**THE POLICY AND DEFENDANT'S ACTIONS
VIOLATE TENNESSEE'S RELIGIOUS FREEDOM RESTORATION ACT**

136.    The averments of paragraphs 1-89 are repeated and alleged in full force and effect as if repeated in their entirety herein.

137.    Tennessee's Religious Freedom Restoration Act of 2009, Title 4, Chapter 21, Part 11, C.A. § 4-21-1101, prohibits the School District from substantially burdening Plaintiff B.A.P.'s religious exercise absent the School District bringing forth evidence that the burden upon Plaintiff B.A.P. satisfies a compelling government interest in the least restrictive means possible.

138.    Plaintiffs share a personal belief and mandate to spread the Gospel of Jesus Christ and Plaintiff B.A.P., as an individual, engages in activities, for the purpose of spreading the Gospel of Jesus Christ, that are prohibited by the Policy as interpreted and enforced by the School District.

139.    The Bible instructs believers to share the Gospel of Jesus Christ with others, and Plaintiffs rely upon the Bible to guide their words and actions.

140.    As interpreted and enforced by the School District, Plaintiff B.A.P.'s manner of free exercise of religion is prohibited by the Policy.

141.    Plaintiff B.A.P. sought, and continues to seek, to discuss issues from a religious perspective, to wear clothing with a religious message, and to engage in religious speech through sharing her faith.

142.    The School District's Policy and enforcement requires Plaintiff B.A.P. to censor her religious speech and imposes a burden on Plaintiff B.A.P. that is not imposed on other individuals.

143.    By forcing Plaintiff B.A.P. to choose between abandoning her religious beliefs in order to receive an education, and, alternatively, abiding by her religious beliefs only to be demerited and disciplined, the School District has imposed a substantial burden on Plaintiff B.A.P.'s sincerely held religious beliefs and the exercise of her religion.

144.    The School District's Policy, actions, customs, procedures and practices, and failure to adequately supervise and adequately train the School District's employees, and the resultant enforcement as alleged herein, unconstitutionally impose a burden on Plaintiff B.A.P.'s and other individuals' constitutional rights because they:

a.    allow for the exercise of unbridled discretion; and,

b.    are so vague they lack common meaning or understanding; and,

c.    lack narrow tailoring, fail to achieve any compelling government purpose, and fail to leave open alternative avenues for expression.

145.    The Policy impedes Plaintiff B.A.P.'s right to the free exercise of religion because it denies Plaintiff B.A.P.'s right to the free exercise of religion and satisfies no compelling government interest in the least restrictive means possible.

146.    As applied, Plaintiff B.A.P.'s manner of free exercise of religion is prohibited by the Policy.

147.    Plaintiff B.A.P. was deprived of her right under Tennessee's Religious Freedom Restoration Act of 2009, Title 4, Chapter 21, Part 11, C.A. § 4-21-1101, to engage in free exercise of religion activities prohibited by the Policy.

148.    Plaintiff B.A.P. has been, and continues to be, deprived of her right under Tennessee's Religious Freedom Restoration Act of 2009, Title 4, Chapter 21, Part 11, C.A. § 4-21-1101, to engage in the free exercise of religion.

23

149.    Plaintiffs have suffered injuries and damages as a result of the School District's deprivation of their rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for the School District's actions and/or omissions, and these harms are reasonably certain to be experienced into the future.

WHEREFORE, Plaintiffs respectfully request that this Court grant the relief requested hereinafter in the Prayer for Relief, and any further relief this Court deems just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs request a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment as follows:

## AS TO COUNT I:

1.    That this Court assume jurisdiction of this matter; and,

2.    That this Court issue a preliminary and permanent injunction restraining and enjoining Defendant, and all persons acting in concert or participating with Defendant, from enforcing the School District's Policy in the manner it was enforced against Plaintiff on August 25, 2020; and,

3.    That this Court issue the requested injunctive relief without a condition of bond or other security; and,

4.    That this Court issue Declaratory Judgment under the Declaratory Judgment Act to determine Plaintiffs' and Defendant's rights and duties regarding enforcement of the School District's Policy; and,

24

5.    That this Court enter a judgment and decree declaring that Defendant's enforcement, interpretation, and application of the School District's Policy, in the manner it was enforced against Plaintiff B.A.P. on August 25, 2020, violated Plaintiff B.A.P.'s right to freedom of speech; and,

6.    That this Court adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment; and,

7.    That this Court grant Plaintiffs an award of nominal and/or compensatory damages against Defendant; and,

8.    That this Court retain jurisdiction of this matter for the purpose of enforcing any Orders; and,

9.    That this Court award Plaintiffs' costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Fed. R. Civ. P. 54, and 28 U.S.C. § 1920, or other applicable law; and,

10.    That this Court grant Plaintiffs such other and further relief as may be just and proper.

## AS TO COUNT II:

1.    That this Court assume jurisdiction of this matter; and,

2.    That this Court issue a preliminary and permanent injunction restraining and enjoining Defendant, and all persons acting in concert or participating with Defendant, from enforcing the School District's Policy in the manner it was enforced against Plaintiff B.A.P. on August 25, 2020; and,

3.    That this Court issue the requested injunctive relief without a condition of bond or other security; and,

25

4.      That this Court issue Declaratory Judgment under the Declaratory Judgment Act to determine Plaintiffs' and Defendant's rights and duties regarding enforcement of the School District's Policy; and,

5.      That this Court enter a judgment and decree declaring that Defendant's enforcement, interpretation, and application of the School District's Policy, in the manner it was enforced against Plaintiff B.A.P. on August 25, 2020, violated Plaintiff B.A.P.'s right to the free exercise of religion; and,

6.      That this Court adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment; and,

7.      That this Court grant Plaintiffs an award of nominal and/or compensatory damages against Defendant; and,

8.      That this Court retain jurisdiction of this matter for the purpose of enforcing any Orders; and,

9.      That this Court award Plaintiffs' costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Fed. R. Civ. P. 54, and 28 U.S.C. § 1920, or other applicable law; and,

10.     That this Court grant Plaintiffs such other and further relief as may be just and proper.

**AS TO COUNT III:**

1.      That this Court assume jurisdiction of this matter; and,

2.      That this Court issue a preliminary and permanent injunction restraining and enjoining Defendant, and all persons acting in concert or participating with Defendant, from enforcing the School District's Policy in the manner Defendant

26

enforced it against Plaintiff B.A.P. on August 25, 2020; and,

3. That this Court issue the requested injunctive relief without a condition of bond or other security; and,

4. That this Court issue Declaratory Judgment under the Declaratory Judgment Act to determine Plaintiffs' and Defendant's rights and duties regarding enforcement of the School District's Policy; and,

5. That this Court enter a judgment and decree declaring that Defendant's enforcement, interpretation, and application of the School District's Policy, in the manner it was enforced against Plaintiff B.A.P. on August 25, 2020, violated Plaintiff B.A.P.'s right to due process; and,

6. That this Court adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment; and,

7. That this Court grant Plaintiffs an award of nominal and/or compensatory damages against Defendant in an amount to be determined by the trier of fact; and,

8. That this Court retain jurisdiction of this matter for the purpose of enforcing any Orders; and,

9. That this Court award Plaintiffs' costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Fed. R. Civ. P. 54, and 28 U.S.C. § 1920, or other applicable law; and,

10. That this Court grant Plaintiffs such other and further relief as may be just and proper.

**AS TO COUNT IV:**

1. That this Court assume jurisdiction of this matter; and,

27

2.     That this Court issue a preliminary and permanent injunction restraining and enjoining Defendant, and all persons acting in concert or participating with Defendant, from enforcing the School District's Policy in the manner Defendant enforced it against Plaintiff B.A.P. on August 25, 2020; and,

3.     That this Court issue the requested injunctive relief without a condition of bond or other security; and,

4.     That this Court issue Declaratory Judgment under the Declaratory Judgment Act to determine Plaintiffs' and Defendant's rights and duties regarding enforcement of the School District's Policy; and,

5.     That this Court enter a judgment and decree declaring that Defendant's enforcement, interpretation, and application of the School District's Policy, in the manner it was enforced against Plaintiff B.A.P. on August 25, 2020, violated Plaintiff B.A.P.'s right to equal protection; and,

6.     That this Court adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment; and,

7.     That this Court grant Plaintiffs an award of nominal and/or compensatory damages against Defendant in an amount to be determined by the trier of fact; and,

8.     That this Court retain jurisdiction of this matter for the purpose of enforcing any Orders; and,

9.     That this Court award Plaintiffs' costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Fed. R. Civ. P. 54, and 28 U.S.C. § 1920, or other applicable law; and,

28

10.     That this Court grant Plaintiffs such other and further relief as may be just and proper.

**AS TO COUNT V:**

1.     That this Court assume jurisdiction of this matter; and,

2.     That this Court issue a preliminary and permanent injunction restraining and enjoining Defendant, and all persons acting in concert or participating with Defendant, from enforcing the School District's Policy in the manner it was enforced against Plaintiff B.A.P. on August 25, 2020; and,

3.     That this Court issue the requested injunctive relief without a condition of bond or other security; and,

4.     That this Court issue Declaratory Judgment under the Declaratory Judgment Act to determine Plaintiffs' and Defendant's rights and duties regarding enforcement of the School District's Policy; and,

5.     That this Court enter a judgment and decree declaring that Defendant's enforcement, interpretation, and application of the School District's Policy, in the manner it was enforced against Plaintiff B.A.P. on August 25, 2020, violated Plaintiff B.A.P.'s rights under Tennessee's Religious Freedom Restoration Act of 2009, Title 4, Chapter 21, Part 11, C.A. § 4-21-1101; and,

6.     That this Court adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment; and,

7.     That this Court grant Plaintiffs an award of nominal and/or compensatory damages against Defendant; and,

29

8.     That this Court retain jurisdiction of this matter for the purpose of enforcing any

       Orders; and,

9.     That this Court award Plaintiffs' costs and reasonable attorneys' fees pursuant to

       Tennessee's Religious Freedom Restoration Act of 2009, or other applicable law;

       and,

10.    That this Court grant Plaintiffs such other and further relief as may be just and

       proper.

Respectfully submitted this 16th day of October, 2020.

/s/ Kristin Fecteau Mosher
Kristin Fecteau Mosher, Esq.,
Tennessee Bar No.: 19772
Local Counsel for Plaintiffs
**The Law Office of Kristin Fecteau, PLLC**
5543 Edmonson Pike, Suite 229
Nashville TN 37211
Telephone: (615) 496-5747
E-mail: kristin@fecteaulaw.com


Frederick H. Nelson, Esq.
Florida Bar No.: 0990523
Lead Trial Counsel for Plaintiffs
David J. Markese, Esq.
Florida Bar No.: 0105041
Co-counsel for Plaintiffs
**AMERICAN LIBERTIES INSTITUTE**
P.O. Box 547503
Orlando, FL 32854-7503
Telephone: (407) 786-7007
Facsimile: (877) 786-3573
E-mail: rick@ali-usa.org
E-mail: dmakese@ali-usa.org
(Pending admission *Pro Hac Vice*)

30