IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION AT COOKEVILLE

B. A. P., a minor child by and through )
her parent, RICHARD PENKOSKI; )
and RICHARD PENKOSKI, as the )
parent and legal guardian of B. A. P., )
)
    Plaintiffs, )
)
v. )    Case No. 2:20-cv-65
)    Judge Waverly Crenshaw, Jr.
OVERTON COUNTY BOARD OF )    Magistrate Alistair Newbern
EDUCATION, )    JURY DEMAND
)
    Defendant. )

## ANSWER

COMES the defendant Overton County Board of Education ("Defendant" or "School Board"), and in Answer to the Complaint, by enumerated paragraph, would state as follows:

### I.
### Answer

1. Except for the allegations that deprivations in fact occurred, which are denied, paragraph 1 is admitted.

2. Except for allegations that the staff training and/or instruction is either erroneous or lacking in proper instruction, which are denied, paragraph 2 is admitted, with the qualification and affirmative averment, however, that the Student Handbook at Livingston Academy ("Student Handbook") has not been formally adopted by the School Board and is not official Policy.

3. Admitted, with the qualification in ¶ 2, and further that actions taken in this case applied local handbook practices and official School Board policies, including Policy 6.304.

4. Admitted.

5. Admitted.

6. Admitted.

7. Except for the last two sentences, paragraph 7 is admitted. The last two sentences of ¶ 7 are denied.

8. Except for the allegations that deprivations in fact occurred, which are denied, ¶ 8 is admitted.

9. Admitted.

10. Admitted.

11. It is admitted only that in certain circumstances federal courts will have supplemental jurisdiction over related State law claims. In the present Complaint, however, the referenced State law cited in ¶¶ 12, 79 and elsewhere, appears to not exist.

12. Admitted except as to the referenced rights under State law, relying on a statute that appears not to exist.

13. Admitted, should plaintiffs prevail.

14. Venue is admitted as to being in the Northeastern Division of the Middle District of Tennessee, where Overton County is situated.

15. Venue is admitted as to being in the Northeastern Division of the Middle District of Tennessee, where Overton County is situated.

16. Defendant is without knowledge as to the motivations of B.A.P., sufficient to admit or deny this allegation.

17. Defendant is without knowledge as to the purposes motivating B.A.P., sufficient to admit or deny this allegation.

18. Defendant denies that it violated any protected rights of the plaintiffs. As well the

recited State statute appears to not exist. Otherwise, ¶ 18 is admitted.

19. Defendant is without knowledge as to whom or what B.A.P. may share, sufficient to admit or deny this allegation.

20. Defendant is without knowledge as to the precise manner or methods that B.A.P. chooses to share her viewpoints, sufficient to admit or deny this allegation. It is affirmatively averred that expressions of speech in the nature occurring in this case are not categorized as political speech, but instead constitute expression of speech intended to denigrate others because of their protected class while in a school setting.

21. To the best knowledge of Defendant, admitted that the minor plaintiff has not encouraged violence, but otherwise denied.

22. To the best knowledge of Defendant, admitted.

23. Defendant is without knowledge as to the precise manner or methods that B.A.P. chooses to share her political or other thoughts, or with whom, sufficient to admit or deny this allegation.

24. Defendant is without knowledge as to the precise manner or methods that B.A.P. chooses to share her political or other thoughts on her clothing, sufficient to admit or deny this allegation. It is affirmatively averred that expressions of speech in the nature occurring in this case are not categorized as political speech, but instead constitute expression of speech intended to denigrate others because of their protected class while in a school setting.

25. Defendant is without knowledge of plans that B.A.P. may have in the future to share her political or other viewpoints, and is unable to predict her future conduct, sufficient to admit or deny this allegation.

26. Denied.

27. Denied as worded. The School Board acts through its formally adopted policies which are of public record. The Student Handbook has not been formally adopted by the School Board and so is in the nature of a practice.

28. It is admitted that this language is found in the Student Handbook, but denied that this is formal adopted School Board Policy.

29. It is admitted only that the referenced term is not defined in the Student Handbook, but denied that this is formal School Board Policy.

30. It is admitted only that the referenced term is not defined in the Student Handbook, but denied that this is formal School Board Policy.

31. It is admitted only that the referenced term is not defined in the Student Handbook, but denied that this is formal School Board Policy.

32. It is admitted only that this statement is found in the Student Handbook. Otherwise, ¶ 32 is denied.

33. It is admitted only that the referenced term is not defined in the Student Handbook, but denied that this is formal School Board Policy.

34. It is admitted only that this statement is found in the Student Handbook. Otherwise, ¶ 34 is denied.

35. It is admitted only that the referenced disciplinary practice is not defined in the Student Handbook, but denied that this is formal School Board Policy.

36. Admitted.

37. It is admitted that B.A.P. wore a shirt containing this message. Defendant is

4

without sufficient knowledge to admit or deny the basis or foundation of the message on her shirt. It is denied that this constituted a political message.

38. It is admitted that B.A.P. attended class on that day, but denied that a pro-homosexual symbol was displayed in the classroom. It is affirmatively averred that Defendant does not take positions for or against homosexuality but does protect the rights of persons identifying as homosexuals to be left alone and free from discrimination, harassment, bullying and intimidation.

39. Admitted.

40. Denied as worded. It is admitted that the minor plaintiff was instructed to report to the principal's office.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. It is admitted that Plaintiff Richard Penkoski called the school office, but denied that he was placed on hold for an extended period.

51. Admitted.

52. Admitted.

53. Admitted.

54. It is admitted only that the language on the shirt, in the context used, had possible sexual connotations. Otherwise this allegation is denied.

55. Denied.

56. The first sentence is denied as worded, and it is affirmatively averred that use of the term "sex" may or may not be prohibited or problematic based on context, connotation, method or manner of use and dependent on circumstances. Concerning the remaining sentences in ¶ 56, Defendant is without sufficient knowledge to admit or deny.

57. Admitted.

58. Admitted.

59. Admitted.

60. Admitted.

61. Defendant is without specific knowledge, and has insufficient details concerning dates, times and persons involved, to admit or deny this allegation.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Defendant is without information to admit or deny B.A.P.'s future plans and intentions, and affirmatively avers and denies that its actions with regard to B.A.P. were in any way improper, in violation of law, or Constitutionally suspect.

75. Denied.

76. Denied.

77. Denied.

78. Admitted.

79. Denied, and affirmatively averred that no such Tennessee statute appears to exist.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied, and affirmatively averred that no such Tennessee statute appears to exist.

85. Denied, and affirmatively averred that no such Tennessee statute appears to exist.

86. Denied, and affirmatively averred that no such Tennessee statute appears to exist.

87. Denied, and affirmatively averred that no such Tennessee statute appears to exist.

88. Admitted.

89. Denied.

90. No response necessary.

91. Admitted.

92. Denied.

93. Denied.

94. Denied, and affirmatively averred that use of the term "sex" may or may not be prohibited or problematic based on context, connotation, method or manner of use and dependent on circumstances.

95. Denied, and affirmatively averred that verbal use of the term "sex" may or may not be prohibited or problematic based on context, connotation, method or manner of use and dependent on circumstances.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. No response necessary.

103. Admitted, and affirmatively averred that Defendant's actions had nothing to do with the minor plaintiff's religion or with her advocacy for or against a religious viewpoint.

104. Defendant is without information sufficient to admit or deny Plaintiffs' personal beliefs or their methods and manners of professing their faith. Defendant denies the remainder

of ¶ 104.

105. The Bible speaks for itself and is subject to varying translations and interpretations. Defendant is without information sufficient to admit or deny Plaintiffs' personal beliefs or their methods and manner of professing their faith.

106. Denied.

107. Denied.

108. Denied.

109. Denied, and specifically denied that Defendant or its employees forced B.A.P. to abandon or suppress her religious beliefs in order to receive an education.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. No response necessary.

117. Admitted.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

9

Case 2:20-cv-00065   Document 14   Filed 12/18/20   Page 9 of 14 PageID #: 64

123. Denied.

124. Denied.

125. Denied.

126. No response necessary.

127. Admitted.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. No response necessary.

137. Denied, and affirmatively averred that the referenced State statute, *Tenn. Code Ann. § 4-21-1101*, appears to not exist.

138. Defendant is without information sufficient to admit or deny Plaintiffs' personal beliefs or their method and manner of professing their faith. Otherwise, ¶ 138 is denied.

139. The Bible speaks for itself and is subject to varying interpretations. Defendant is without information sufficient to admit or deny Plaintiffs' personal beliefs or their methods and manner of professing their faith.

140. Denied.

141. Defendant is without information sufficient to admit or deny B.A.P.'s future plans and intentions.

142. Denied.

143. Denied, and specifically denied that Defendant or its employees forced B.A.P. to abandon her religious beliefs in order to receive an education.

144. Denied.

145. Denied.

146. Denied.

147. Denied, and affirmatively averred that no such statutory right exists.

148. Denied, and affirmatively averred that no such statutory right exists.

149. Denied.

All other allegations not herein specifically admitted or admitted as qualified are hereby denied in their entirety, and strict proof is demanded.

## II.
## Affirmative Defenses

As additional affirmative defenses, Defendant asserts the following:

1. Failure to state a claim upon which relief may be granted.

2. The defendant reiterates and incorporates by reference all of the affirmative averments and defenses asserted in the Answer above.

3. The words as expressed and intended contained on the minor plaintiff's shirt, caused material and substantial disruption to the school learning environment that did or may have interfered with the rights of other students and staff.

4. The words as expressed and intended on the minor plaintiff's shirt, undermined

the Defendant's basic educational mission to support all students and staff in a safe and secure environment most conducive to learning, and the acts taken were reasonably designed to safeguard all students entrusted to Defendant's care.

5. School systems weigh and apply competing policies designed for a welcoming environment for all students and staff regardless of race, creed, sex or gender orientation, disability, religious affiliation or other protected category. The shirt worn by the minor plaintiff conflicted with and impinged upon the rights of others to be left alone, as well as with Defendant's Policy 6.304 protecting homosexuals and others at school from discrimination, harassment, bullying, hazing or intimidation that may cause emotional distress, intimidation, or may otherwise create a hostile or unsafe environment for other students.

6. The actions taken by the Defendant in this case related to legitimate pedagogical concerns, namely, school officials weighed various and competing policies, rights and concerns in the context of the classroom learning environment, and a decision made considering the interests of all students and staff at school.

7. The Defendant in its actions was not taking a stand for or against any particular viewpoint, nor was it seeking to stifle or change the minor plaintiff's religious views. Instead all actions were reasonably taken intending to promote a school environment free of bullying, denigration, harassment, discrimination and intimidation.

8. The actions taken were targeted at conduct in the context of the learning environment and protection of the rights of all students, not at the viewpoints that were being expressed by the minor Plaintiff.

9. Like statements denigrating one's race or religion, statements denigrating sexual

orientation impinges on the rights of others, is not political speech in the context of this litigation, but instead involves efforts designed to question the value and worth of persons in a vulnerable protected class, so impinging upon the rights of others and in violation of Defendant's stated policies.

10. Plaintiffs have made reference to a non-existent State law statute that has no corresponding rights or remedies.

11. Defendant reserves the right to amend this pleading and plead further to raise any affirmative defense not raised herein, should discovery reveal that such defenses are appropriate and/or available.

### III.
### Prayer for Relief

WHEREFORE, premises considered, Defendant having fully answered it prays that the Complaint be dismissed, with costs to the Plaintiff, and for such other, further or differing relief as the Court deems appropriate.

Respectfully submitted.

/s/ Kenneth S. Williams
Kenneth S. Williams, Esq. (#10678)
**Madewell, Jared, Halfacre, Williams & Wilson**
230 N. Washington Ave.
Cookeville, TN 38501
Phone: (931) 526-6101
Fax: (931) 528-1909
Email: ken@madewelljared.com
*Attorney for Defendant*
*Overton County Board of Education*

**CERTIFICATE OF SERVICE**

      I hereby certify that I have this day served, via the Court's ECF system, U.S. Postal Service, postage prepaid, and/or via facsimile or by email, a true and correct copy of the foregoing pleading upon counsel for all parties, as follows:

Kristin Fecteau Mosher
The Law Office of Kristin Fecteau
5543 Edmonson Pike
Nashville, TN 37211

David J. Markese
Frederick H. Nelson
American Liberties Institute
P. O. Box 547503
Orlando, FL 32854-7503

/s/ Kenneth S. Williams    12/18/2020
Attorney                          DATED

14

Case 2:20-cv-00065   Document 14   Filed 12/18/20   Page 14 of 14 PageID #: 69