UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| B.A.P. et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>OVERTON COUNTY BOARD OF EDUCATION,<br><br>  Defendant. | Case No. 2:20-cv-00065<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

This action under 42 U.S.C. § 1983 is brought by Plaintiffs B.A.P., a minor student at Livingston Academy in the Overton County School District, and her father, Richard Penkoski. B.A.P. and Penkoski allege that Defendant Overton County Board of Education (the Board) enforced its dress code policy against B.A.P. in a way that violated her rights under the United States Constitution and Tennessee's Religious Freedom Restoration Act (TRFRA), Tenn. Code Ann. § 4-1-407.[1] (Doc. No. 1.) B.A.P. and Penkoski have moved for leave to file an amended complaint to add claims against teacher Stephen Henson and Principal Richard Melton in their individual capacities. (Doc. No. 26.) The Board responded in opposition (Doc. No. 28), and B.A.P. and Penkoski filed a reply (Doc. No. 29). For the reasons that follow, B.A.P. and Penkoski's motion for leave to amend will be granted.

---

[1] B.A.P. and Penkoski incorrectly cite Tennessee Code Annotated § 4-21-1101 in support of their TRFRA claim. Tennessee Code Annotated § 4-21-1101 does not appear to exist. TRFRA is located at Tennessee Code Annotated § 4-1-407.

## I. Factual and Procedural Background

In a complaint filed on October 16, 2020, B.A.P. and Penkoski allege that, on August 25, 2020, B.A.P. wore a shirt to school bearing the message "homosexuality is a sin – 1 Corinthians 6:9–10" to express her political and religious beliefs. (Doc. No. 1, PageID# 6, ¶ 37.) The complaint states that Henson removed B.A.P. from his class and sent her to the principal's office, where Melton told B.A.P. that her clothing violated the school district's dress code policy. (Doc. No. 1.) Melton spoke with Penkoski on the telephone and told him that "B.A.P. was in violation of the School District's Policy [and] that if . . . .B.A.P. did not change the shirt she would be forced to go home." (*Id.* at PageID# 8, ¶ 57.) B.A.P. elected not to change her shirt. Her stepmother picked B.A.P. up and took her home from school. B.A.P. was marked absent and received a demerit. (*Id.* at PageID# 9, ¶ 60.) B.A.P. and Penkoski claim that the Board, through its enactment of the dress code policy and its employees' interpretation and enforcement of that policy, violated B.A.P.'s rights to free exercise of religion under the First Amendment and TRFRA, Tenn. Code Ann. § 4-1-407; freedom of speech under the First Amendment; due process under the Fifth and Fourteenth Amendments; and equal protection under the Fourteenth Amendment. (Doc. No. 1.) They seek declaratory relief, injunctive relief, and damages. (*Id.*)

The initial case management order entered in the action set March 31, 2021, as the date by which any motions to amend the complaint or add parties must be filed. (Doc. No. 17.) The Court later granted the parties' joint motion to extend that deadline to May 19, 2021. (Doc. No. 24.) On May 19, 2021, B.A.P. and Penkoski filed the present motion for leave to amend the complaint (Doc. No. 26), accompanied by a proposed amended pleading (Doc. No. 26-1) and a supporting memorandum of law (Doc. No. 27). The proposed amended complaint contains numerous additional factual allegations and adds Melton and Henson in their individual capacities as

defendants to all of B.A.P. and Penkoski's constitutional claims.[2] (Doc. No. 26-1.) B.A.P. and Penkoski state these amendments are required because the Board's discovery responses "revealed, for the first time," that Melton "[is] a decision-maker with respect to some of the challenged policies because he is responsible for drafting the student handbook [and] is responsible for the adoption and enforcement of the student handbook based upon the authority the [Board]'s policies delegate to him;" and that Henson "enforced the student handbook, including the provisions enforced against B.A.P." (Doc. No. 27, PageID# 158–59.)

While acknowledging that the motion to amend was timely, the Board argues that B.A.P. and Penkoski improperly delayed filing the motion. (Doc. No. 28, PageID# 163, ¶ 1.) The Board emphasizes that B.A.P. and Penkoski "propose to modify the majority of [the] paragraphs in a 46 page, 215 paragraph [c]omplaint" (*id.* at PageID# 165, ¶ 4), and argues that such extensive amendments "will necessitate the extension of all deadlines and the trial setting" (*id.* at PageID# 166, ¶ 6). The Board challenges B.A.P. and Penkoski's representation that the facts underlying the amended complaint are "newly discovered," asserting that the subject facts were included in the Board's initial disclosures. (*Id.* at PageID# 163–64, ¶ 2.) Finally, the Board argues that amending the complaint to add Melton and Henson as defendants would be futile because B.A.P. and Penkoski's proposed claims against Melton and Henson could not survive a motion to dismiss under Rule 12(b)(6). (*Id.*)

B.A.P. and Penkoski reply that the motion to amend was filed well before the close of the discovery period on September 10, 2021, and before the dispositive motion deadline of October 29, 2021, and, therefore, that "[a]llowing amendment will not alter any deadline nor will it cause

---

[2] The proposed amended complaint does not include any claims under the TRFRA. (Doc. No. 26-1.)

defendants to all of B.A.P. and Penkoski's constitutional claims.[2] (Doc. No. 26-1.) B.A.P. and Penkoski state these amendments are required because the Board's discovery responses "revealed, for the first time," that Melton "[is] a decision-maker with respect to some of the challenged policies because he is responsible for drafting the student handbook [and] is responsible for the adoption and enforcement of the student handbook based upon the authority the [Board]'s policies delegate to him;" and that Henson "enforced the student handbook, including the provisions enforced against B.A.P." (Doc. No. 27, PageID# 158–59.)

While acknowledging that the motion to amend was timely, the Board argues that B.A.P. and Penkoski improperly delayed filing the motion. (Doc. No. 28, PageID# 163, ¶ 1.) The Board emphasizes that B.A.P. and Penkoski "propose to modify the majority of [the] paragraphs in a 46 page, 215 paragraph [c]omplaint" (*id.* at PageID# 165, ¶ 4), and argues that such extensive amendments "will necessitate the extension of all deadlines and the trial setting" (*id.* at PageID# 166, ¶ 6). The Board challenges B.A.P. and Penkoski's representation that the facts underlying the amended complaint are "newly discovered," asserting that the subject facts were included in the Board's initial disclosures. (*Id.* at PageID# 163–64, ¶ 2.) Finally, the Board argues that amending the complaint to add Melton and Henson as defendants would be futile because B.A.P. and Penkoski's proposed claims against Melton and Henson could not survive a motion to dismiss under Rule 12(b)(6). (*Id.*)

B.A.P. and Penkoski reply that the motion to amend was filed well before the close of the discovery period on September 10, 2021, and before the dispositive motion deadline of October 29, 2021, and, therefore, that "[a]llowing amendment will not alter any deadline nor will it cause

---

[2] The proposed amended complaint does not include any claims under the TRFRA. (Doc. No. 26-1.)

any prejudice." (Doc. No. 29, PageID# 191.) B.A.P. and Penkoski also argue that the Board lacks standing to raise futility arguments on behalf of Melton and Henson. (Doc. No. 29.)

**II.     Legal Standard**

Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A district court's order denying a Rule 15(a) motion to amend is usually reviewed for an abuse of discretion." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *but see id.* (reviewing *de novo* district court's denial of "motion for leave to amend on the basis of futility"). Nevertheless, Sixth Circuit case law "'manifests "liberality in allowing amendments to a complaint."'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

**III.     Analysis**

The Board argues that amending the complaint as B.A.P. and Penkoski's motion requests would be futile because the proposed amendments fail to state cognizable claims against Henson and Melton. However, "'[c]urrent parties unaffected by a proposed amendment do not have standing to assert claims of futility on behalf of proposed defendants' and 'only possess standing to challenge an amended pleading directed to proposed new parties on the basis of undue delay and/or prejudice.'" *Polk v. Parker*, No. 3:20-cv-00069, 2021 WL 1198241, at *4 (M.D. Tenn. Mar. 29, 2021) (quoting *Coleman v. Apple Eight Hosp. Mgmt, Inc.*, 6:16-cv-01343, 2017 WL 1836974, at *3 (D. Kan. May 8, 2017)); *see also Clark v. Hamilton Mortg. Co.*, No. 1:07-cv-252, 2008 WL 919612, at *2 (W.D. Mich. Apr. 2, 2008) ("The Court of Appeals would never abide a trial court order adjudicating claims on their merits against an entity that is not even a party to the case, nor should any such disorderly practice be countenanced."); *Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, Civil No. 13-5592, 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014).[3] Henson and Melton may make any arguments available to them after they appear as parties to the litigation. The Board may not make those arguments preemptively on their behalf.

---

[3]     Even if the Board had standing to raise this argument, its response could not satisfy the required showing because it applies the wrong legal standard. The Board relies on several exhibits attached to its response to support an argument that Henson's and Melton's alleged actions were "not directed at unpopular opinions, but instead focused on truly harassing behavior that was inconsistent with board policies on bullying and harassment and was seen as a disruption under the dress codes in place." (Doc. No. 28, PageID# 165, ¶ 3.) However, "[t]he test for futility . . . does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment," but instead on whether it could "withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). As in any Rule 12(b)(6) analysis, matters outside the pleadings cannot be considered. *Id.* at 420–21. Instead, the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). The Board's futility arguments do not comport with this standard.

The Board's argument that B.A.P. and Penkoski unduly delayed filing their motion also will not defeat Rule 15's liberal provisions for amendment in this case. The Board argues that B.A.P. and Penkoski cannot claim that they base their amendments on newly discovered evidence because they received the information underlying their proposed amended claims against Henson and Melton in the Board's initial disclosures, which were served in January 2021. The Board states that the initial disclosures included "relevant School Board policies (available online), employment and student handbooks, personnel files for the school teacher (Mr. Henson) and Principal (Richard Melton), and many emails involving plaintiff Richard Penkoski" and "clearly identified" that the "the [s]tudent [h]andbook was a practice enforced by Principal Melton, rather than an official policy adopted by the School Board." (Doc. No. 28, PageID# 163–64.) The Board also argues that B.A.P. and Penkoski improperly delayed filing their motion to amend until after the parties engaged in mediation, which the Board "perceive[s] . . . as nothing more than a continuing effort to harass" Henson and Melton. (*id.* at PageID# 166, ¶ 5.) B.A.P. and Penkoski respond that the Board "explained (under oath) the motivating forces" behind its actions and its "process" in interrogatory answers that were not served until a month later. (Doc. No. 29, PageID# 189.) They further assert that they have met and accommodated all relevant case management deadlines and that the parties agreed to extend the deadline to amend pleadings to accommodate a planned mediation.

"Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998) (quoting *Brooke v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). Here, the Board and the plaintiffs jointly requested an extension of the deadline to file amended pleadings and add parties until May 19, 2021—a date selected because it

was one week after the parties' planned mediation date. (Doc. No. 23, PageID# 96.) B.A.P. and Penkoski met that agreed-upon deadline. Further, as B.A.P. and Penkoski note, the motion to amend was filed roughly four months before the end of the discovery period and over five months before the dispositive motion deadline established by the parties' agreed scheduling order. (Doc. No. 17.) B.A.P. and Penkoski did not unduly delay filing their motion.

Further, the Board's argument that the proposed amendments are based upon information available to all parties from the early stages of the litigation shows that it had notice of the facts and possible claims that are alleged in the amended complaint. While Henson and Melton are newly named as parties to the litigation, they have been identified as primary actors in the underlying events and are already subjects of the parties' discovery. Any prejudice that might result from the need to take additional discovery generated by the new allegations may be addressed by amendments to the case management order. Thus, the mandate of Rule 15 that leave to amend be "freely given" counsels that B.A.P. and Penkoski be allowed to amend the complaint in this case. *Leary*, 349 F.3d at 905.

## IV.    Conclusion

For the foregoing reasons, B.A.P. and Penkoski's motion for leave to file an amended complaint is GRANTED. The Clerk of Court is DIRECTED to enter the amended complaint and corresponding exhibits (Doc. Nos. 26-1–26-3) as a separate docket entry.

The Court will address the amendment of the case management calendar by separate order.

It is so ORDERED.

*[signature]*
ALISTAIR E. NEWBERN
United States Magistrate Judge