UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION AT COOKEVILLE

| | | |
|---|---|---|
| B.A.P., a minor child by and through her parent, RICHARD PENKOSKI; and RICHARD PENKOSKI, as the parent and legal guardian of B.A.P., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:20-cv-00065 |
| OVERTON COUNTY BOARD OF EDUCATION, RICHARD MELTON, and STEPHEN HENSON, | ) ) ) ) | Chief Judge Waverly D. Crenshaw, Jr. Magistrate Judge Alistair E. Newbern |
| Defendants. | ) | |

## MOTION TO DISMISS OF INDIVIDUAL DEFENDANTS RICHARD MELTON AND STEPHEN HENSON

**NOW COME** Defendants Richard Melton and Stephen Henson, in their individual capacities, by and through Counsel, and, pursuant to *Fed. R. Civ. P.* 12(b)(6) and Local Rule 7.01, move this Court to dismiss all allegations set forth against them in Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be granted. Alternatively, these Defendants are entitled to qualified immunity as the Amended Complaint does not contain sufficient allegations to demonstrate that either of these Defendants violated any clearly established constitutional rights.

In support of this motion, these Defendants would show this Court as follows:

1. Plaintiffs' Amended Complaint does not state a claim upon which relief can be granted against Defendant Stephen Henson. Plaintiffs' allegations against Mr. Henson do not meet the pleading standards established in *Ashcroft v. Iqbal*, 556 U.S. 662

(2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Amended Complaint establishes only that Mr. Henson allegedly sent the minor Plaintiff to the principal's office while she was wearing a shirt that exhibited a religious viewpoint. Plaintiffs do not allege that there was any relationship between Mr. Henson's actions and the content of the minor Plaintiff's shirt. Plaintiffs do not allege that Mr. Henson made any comment about or even acknowledged the content of the minor Plaintiff's shirt or that the content of her shirt formed the basis for any of his actions. At most, the Amended Complaint establishes that Mr. Henson took actions in furtherance of the school system's facially neutral dress code. The allegations against Mr. Henson are mere recitals and do not include facts sufficient to state a claim for plausible relief against him.

2. Even if Plaintiffs' Amended Complaint established a claim upon which relief could be granted against Mr. Henson, he is entitled to qualified immunity. The Amended Complaint does not demonstrate that Mr. Henson violated any of Plaintiffs' clearly established constitutional rights. At most, the Amended Complaint asserts that Mr. Henson was enforcing a facially neutral school dress code while operating in the scope of his employment as teacher at Livingston Academy. It is unreasonable to assert that, by enforcing the school system's neutral dress code, Mr. Henson knew or reasonably should have known that he was violating any of Plaintiffs' constitutional rights. There is clear precedent in the Sixth Circuit recognizing that schools may impose facially neutral dress codes. *See, Blau v. Fort Thomas Public School Dist.*, 401 F.3d 381 (6th Cir. 2005). Moreover, Plaintiffs have not alleged that Mr. Henson

2

Case 2:20-cv-00065   Document 51   Filed 11/03/21   Page 2 of 6 PageID #: 317

treated the minor Plaintiff differently than he treated any other student with regard to the dress code. Mr. Henson is entitled to qualified immunity.

3. Plaintiffs' Amended Complaint does not state a claim upon which relief can be granted against Defendant Richard Melton, principal of Livingston Academy. First, while Plaintiffs allege Mr. Melton failed to adequately train and supervise other employees, they offer no facts to support these allegations or offer how these alleged failures amounted to harm to Plaintiffs. These assertions do not meet the pleading standards set forth in *Twombly* and *Iqbal*. Second, Plaintiffs claim that Mr. Melton drafted and approved of the student handbook at issue but do not offer any facts to explain how these actions impacted Plaintiffs' constitutional rights. This allegation, too, fails to meet the standard established in *Iqbal*. Finally, Plaintiffs do not allege facts that adequately establish that Mr. Melton engaged in viewpoint discrimination. The Amended Complaint establishes only that Mr. Melton removed the minor Plaintiff from class and directed her to change her shirt because its message violated the school dress code for including the word "sex." There is no assertion that Mr. Melton referenced or even considered the minor Plaintiff's religious viewpoint or that he permitted a student with a different religious viewpoint to wear clothing that violated the dress code. The Amended Complaint establishes only that Mr. Melton was enforcing the facially neutral dress code, in accordance with the duties assigned to him as principal. "The allegation of…viewpoint discrimination…without any factual content to bolster it, is just the sort of conclusory allegation that the *Iqbal* Court deemed inadequate, and thus does nothing to enhance the plausibility of

Plaintiffs' viewpoint discrimination claim." *Ctr. For Bio-Ethical Reform Inc. v. Napolitano*, 648 F.3d 365, 378 (6th Cir. 2011)(cleaned up).

4. Additionally, Mr. Melton is entitled to qualified immunity because Plaintiffs have failed to demonstrate that he violated any clearly established rights. Like Mr. Henson, Mr. Melton would have had no reason to believe that his enforcement of a facially neutral dress code would violate a student's constitutional rights.

5. Finally, Plaintiffs' due process claim should be dismissed. "[T]he Supreme Court has repeatedly emphasized that substantive due process is not to be used as a fallback constitutional provision when another provision or amendment (in this case, the First Amendment) directly addresses the subject." *Boroff v. Van Wert City Bd. of Educ.*, 220 F.3d 465, 471 (6th Cir. 2000). Given this precedent and the fact that Plaintiffs' claims are directly addressed by the First Amendment, their due process claim should be dismissed.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs' Amended Complaint fails to state any claim against these Defendants upon which relief can be granted, and this Court should dismiss all allegations against these Defendants and dismiss these individual Defendants as parties in this matter pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. Alternatively, as the Amended Complaint does not allege facts to demonstrate that these Defendants violated clearly established constitutional rights, these Defendants are entitled to qualified immunity. Further, Plaintiffs' due process claim should be dismissed.

4

Case 2:20-cv-00065  Document 51  Filed 11/03/21  Page 4 of 6 PageID #: 319

Respectfully submitted,

**BENNETT & DECAMP, PLLC**

BY: <u>/s/ *D. Scott Bennett*</u>
D. SCOTT BENNETT – TNBPR: 015988
MARY C. DECAMP – TNBPR: 027182
*Attorneys for Defendant Richard Melton, in his individual capacity and Defendant Stephen Henson, in his individual capacity*
707 Georgia Avenue
Suite 300
Chattanooga, TN 37402
Telephone: (423) 498-3789

5

Case 2:20-cv-00065   Document 51   Filed 11/03/21   Page 5 of 6 PageID #: 320

## CERTIFICATE OF SERVICE

      I, the undersigned attorney, do hereby certify that the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

      This the 3rd day of November, 2021.

      BY:    */s/ D. Scott Bennett*
              **D. SCOTT BENNETT – TNBPR: 015988**