## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NORTHEASTERN DIVISION AT COOKEVILLE

| | | |
|---|---|---|
| **B.A.P., a minor child by and through her parent, RICHARD PENKOSKI; and RICHARD PENKOSKI, as the parent and legal guardian of B.A.P.,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) ) | |
| **v.** | ) ) | **Case No. 2:20-cv-00065** |
| **OVERTON COUNTY BOARD OF EDUCATION, RICHARD MELTON, and STEPHEN HENSON,** | ) ) ) ) | **Chief Judge Waverly D. Crenshaw, Jr.** **Magistrate Judge Alistair E. Newbern** |
| **Defendants.** | ) | |

## ANSWER OF INDIVIDUAL DEFENDANTS RICHARD MELTON AND STEPHEN HENSON TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**NOW COME** the individually named Defendants Richard Melton and Stephen Henson, by and through counsel, and, in Answer to Plaintiffs' First Amended Complaint, plead as follows:

## FIRST DEFENSE

Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

With regard to the allegations in the paragraphs specifically enumerated in the Plaintiffs' First Amended Complaint, these Defendants plead as follows:

1.  These Defendants admit that Plaintiffs have brought this action and are seeking relief. The remaining allegations in this Paragraph are denied.

2.  There is a typo in Paragraph 2, so it is denied as stated. The policies for the Defendant

Overton County Board of Education can be found at https://tsba.net/overton-county-board-of-education-policy-manual/.

3.   Paragraph 3 is denied as stated. The Director of Schools has authority via board policy to delegate tasks to other school personnel. School principals have been delegated the responsibility to establish his or her school practices, rules and regulations consistent with School Board policy and usually in the form of a student handbook.

4.   Paragraph 4 is denied as stated. The Director of Schools has authority over day-to-day operations and may delegate certain responsibilities to school administrators. It is admitted that actions taken by Defendant Richard Melton in the present matter, as delegated, applied common professional practices, applicable school board policies, and Defendant Melton's use of discretion and common sense.

5.   Paragraph 5 is admitted.

6.   It is admitted that Livingston Academy had implemented a student handbook during the relevant period of time in accordance with relevant board policies and common professional practices.

7.   It is admitted that Livingston Academy had implemented and enforced a student handbook during the 2020-21 school year in accordance with relevant board policies and common professional practices.

8.   The allegations in Paragraph 8 are denied as stated. These Defendants admit that, on August 25, 2020, Defendant Henson was instructed by Defendant Melton to tell BAP to report to the office because the shirt that she was wearing on that date violated Livingston Academy's dress code and that Mr. Henson followed through with this

2

instruction. The remaining allegations in Paragraph 8 are denied.

9.      This paragraph is a statement of legal strategy, not fact; thus, no response is required. Notwithstanding that, all of Plaintiffs' allegations against these Defendants regarding "policy, practice, or custom for training others" have been dismissed by this Court. (**Doc. No. 68 at p. 10-11**). Thus, these allegations are moot. Even if they were not moot, they would be denied. All other allegations in this Paragraph are denied.

10.     This paragraph is a statement of legal strategy, not fact; thus, no response is required. Notwithstanding that, all of Plaintiffs' allegations against these Defendants regarding policy, practice, or custom for training others have been dismissed by this Court. (**Doc. No. 68 at p. 10-11**). Thus, these allegations are moot. Even if they were not moot, they would be denied. All other allegations in this Paragraph are denied.

11.     This paragraph is a statement of legal strategy, not fact; thus, no response is required. Notwithstanding that, all of Plaintiffs' allegations against these Defendants Richard Melton regarding policy, practice, or custom for training others have been dismissed by this Court. (**Doc. No. 68 at 10-11**). Thus, these allegations are moot. Even if they were not moot, they would be denied. All other allegations in this Paragraph are denied.

## PARTIES

12.     It is admitted that, on August 25, 2020 and at the time this lawsuit was initially filed, Plaintiff BAP was a student at Livingston Academy. It is denied that she is currently a student at Livingston Academy.

13.     It is admitted, upon information and belief, that Plaintiff Richard Penkoski is the parent and legal guardian of Plaintiff BAP. It is denied that Plaintiff Richard Penkoski is

3

parent or legal guardian of any individuals that currently attend any schools operated by the Overton County Board of Education.

14.     These Defendants defer to the Answer provided by Overton County Board of Education in response to Paragraph 14 of the First Amended Complaint, as this Paragraph pertains directly to the Board. For their part, these Defendants admit that Defendant Overton County Board of Education is a local education agency existing pursuant to the laws of the State of Tennessee for the purpose of providing a system of public education in and for Overton County, Tennessee and that it is a governmental entity within the meaning of the Tennessee Governmental Tort Liability Act (GTLA). *Tenn. Code Ann.* § 29-20-102(3)(A). These Defendants admit that, during the relevant time period, they were employed by the Overton County Board of Education. The remaining allegations in Paragraph 14 are denied as stated.

15.     The allegations in Paragraph 15 are denied as stated. All of Plaintiffs' allegations against Defendant Richard Melton regarding policy, practice, or custom for training others and/or authority to train have been dismissed by this Court. (**Doc. No. 68 at 10-11**). Thus, these allegations are moot. Even if they were not moot, they would be denied. These Defendants admit that, at all relevant times, Defendant Richard Melton was an employee of the Overton County Board of Education and, specifically, was principal of Livingston Academy. These Defendants admit that, as principal and at all times relevant, Defendant Richard Melton followed, implemented, and enforced relevant board policies, practices, handbooks, and procedures in executing the necessary functions of his job as principal. The remaining allegations in Paragraph 15

4

are denied.

16. These Defendants admit that, at all relevant times, Defendant Stephen Henson was employed as a teacher at Livingston Academy and, as a teacher, was responsible for following applicable board policies, practices, procedures, and handbooks. The remaining allegations in Paragraph 16 are denied.

## JURISDICTION AND VENUE

17. It is admitted that Plaintiffs are seeking various types of relief, though it is denied that they are entitled to any type of relief. The remaining allegations in Paragraph 17 are denied.

18. The allegations in Paragraph 18 are admitted.

19. The allegations in Paragraph 19 are admitted.

20. These Defendants admit that this Court has authority over this matter. These Defendants deny that Plaintiffs are entitled to any relief.

21. These Defendants admit that this Court has authority over this matter. These Defendants deny that Plaintiffs are entitled to any relief.

22. These Defendants admit that venue is proper in the Northeastern Division of the Middle District of Tennessee, pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 123.

23. These Defendants admit that venue is proper in the Northeastern Division of the Middle District of Tennessee, pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 123.

## FACTS

24. These Defendants do not have sufficient information to admit or deny the allegations in Paragraph 24 and so deny the same.

5

25.   These Defendants do not have sufficient information to admit or deny the allegations in Paragraph 25 and so deny the same.

26.   These Defendants do not have sufficient information to admit or deny the allegations in Paragraph 26 and so deny the same. To the extent that this Paragraph is intended to allege fault on the part of these Defendants, that is denied.

27.   These Defendants do not have sufficient information to admit or deny the allegations in Paragraph 27 and so deny the same.

28.   The allegations in Paragraph 28 are admitted.

29.   These Defendants do not have sufficient information to admit or deny the manners through which Plaintiff BAP seeks to express any form of speech or her reasons for doing so and so denies the allegations in Paragraph 29.

30.   These Defendants do not have sufficient information to admit or deny the allegations in Paragraph 30 and so deny the same.

31.   As Plaintiff BAP is no longer a student at Livingston Academy or any school operated by Overton County Board of Education, this allegation is denied as moot. Further, these Defendants do not have sufficient information to admit or deny the allegations in Paragraph 31 and so deny the same. To the extent that this Paragraph is intended to allege fault on the part of these Defendants, that is denied.

32.   As Plaintiff BAP no longer attends Livingston Academy, these Defendants deny that BAP shares any opinions at Livingston Academy in the present tense. Further, these Defendants do not have sufficient information to admit or deny the allegations in Paragraph 32 and so deny the same.

33.   As Plaintiff BAP no longer attends Livingston Academy, these Defendants deny that BAP wears any clothing expressing any messages at Livingston Academy in the present tense. Further, these Defendants do not have sufficient information to admit or deny the allegations in Paragraph 33 and so deny the same.

34.   The allegations in Paragraph 34 are denied. Plaintiff BAP no longer attends Livingston Academy or any other school operated by the Overton County Board of Education. Upon information and belief, the Plaintiffs no longer reside in Overton County, TN. To the extent that Plaintiff BAP may re-register as a student at a school operated by the Overton County Board of Education between the date of the filing of this Answer and May 2023, these Defendants do not have enough information to admit or deny the allegations in Paragraph 34 and so deny the same.

35.   The allegations in Paragraph 35 are denied. Further, Plaintiff BAP no longer attends Livingston Academy or any other school operated by the Overton County Board of Education. Upon information and belief, the Plaintiffs no longer reside in Overton County, TN. Thus, any alleged uncertainty or fears on the part of Plaintiff BAP are denied as moot.

36.   The allegations in Paragraph 36 are generally admitted.

37.   These Defendants admit that school system employees have a responsibility to be familiar with school board policies.

38.   Upon information and belief, these Defendants admit the allegations in Paragraph 38.

39.   Upon information and belief, these Defendants admit the allegations in Paragraph 39.

40.   The allegations in Paragraph 40 are denied as stated. It is admitted that the Overton

7

County Board of Education has adopted a policy prohibiting harassment, intimidation, bullying, and cyberbullying.

41.     Upon information and belief, these Defendants admit that the current version of Overton County Board of Education Policy 6.304 was adopted on July 12, 2016. It is denied that this was the first version of this policy adopted by the Board.

42.     Upon information and belief, these Defendants admit that the current version of Overton County Board of Education Policy 6.310 was adopted on February 3, 2004. It is denied that this was the first version of this policy adopted by the Board.

43.     The allegations in Paragraph 43 are admitted. It is denied that this is the only language in the policy.

44.     Plaintiffs do not specify to which policy Paragraph 44 is referring. The language Plaintiffs quote in Paragraph 44 is not included in Policy 6.310. To the extent Plaintiffs may be referring to the dress code contained within Livingston Academy's 2020-21 student handbook, which is not a Board policy, these Defendants admit that the language Plaintiffs quote in Paragraph 44 is included in the dress code contained within Livingston Academy's 2020-21 student handbook.

45.     Plaintiffs do not specify to which policy Paragraph 45 is referring. The language Plaintiffs quote in Paragraph 45 is not included in Policy 6.310. To the extent Plaintiffs may be referring to the dress code contained within Livingston Academy's 2020-21 student handbook, which is not a Board policy, these Defendants admit that the language Plaintiffs quote in Paragraph 45 is not defined within the dress code but deny that that is material.

8

46. Plaintiffs do not specify to which policy Paragraph 46 is referring. The language Plaintiffs quote in Paragraph 46 is not included in Policy 6.310. To the extent Plaintiffs may be referring to the dress code contained within Livingston Academy's 2020-21 student handbook, which is not a Board policy, these Defendants admit that the language Plaintiffs quote in Paragraph 46 is included in the dress code contained within Livingston Academy's 2020-21 student handbook.

47. The allegations in Paragraph 47 are denied.

48. The allegations in Paragraph 48 are denied as stated. These Defendants admit that the Director of Schools delegates authority to school administrators to develop and distribute student handbooks at schools.

49. These Defendants admit that the quoted language is included in the 2020-21 Livingston Academy student handbook.

50. The allegations in Paragraph 50 are denied as stated. Livingston Academy's student handbook is not part of Overton County Board of Education policy, nor was it formally adopted by the Board of Education.

51. The allegations in Paragraph 51 are admitted.

52. The allegations in Paragraph 52 are admitted.

53. The allegations in Paragraph 53 are admitted.

54. The allegations in Paragraph 54 are admitted.

55. The allegations in Paragraph 55 are admitted.

56. The allegations in Paragraph 56 are admitted.

57. The allegations in Paragraph 57 are admitted.

58. These Defendants deny that Defendant Melton solely drafted the 2020-21 Livingston Academy student handbook. These Defendants admit that Livingston Academy administrators generally, past and present, have developed and, where necessary, revised the Livingston Academy student handbook. These Defendants admit that Defendant Melton had a copy of the 2020-21 student handbook. These Defendants admit that, as an administrator, Defendant Melton is tasked with following and enforcing board policies and the Livingston Academy student handbook. These Defendants admit that Defendant Melton enforced the provisions contained within the 2020-21 Livingston Academy student handbook on August 25, 2020. The remaining allegations in Paragraph 58 are denied.

59. These Defendants admit that Defendant Henson had a copy of the 2020-21 student handbook. These Defendants admit that, as a teacher at Livingston Academy, Defendant Henson was tasked with being familiar with and following board policies. These Defendants admit that, as a teacher at Livingston Academy, Defendant Henson was tasked with following and enforcing the provisions contained within the 2020-21 Livingston Academy student handbook on August 25, 2020. The remaining allegations in Paragraph 59 are denied.

60. Paragraph 60 is a statement of law, not fact. These Defendants deny that *Young v. Giles County Bd. Of Educ.*, 181 F.Supp.3d 459 (M.D. Tenn. 2015) is relevant to this matter, as this Court has held that the *Young* case is not binding precedent. (**Doc. No. 68 at p. 9**). Additionally, Plaintiffs' reliance on *Young* is misplaced as the underlying facts are easily distinguished from the present matter.

10

61.      Paragraph 61 is a statement of law, not fact. These Defendants deny that *Young v. Giles County Bd. Of Educ.*, 181 F.Supp.3d 459 (M.D. Tenn. 2015) is relevant to this matter, as this Court has held that the *Young* case is not binding precedent. (**Doc. No. 68 at p. 9**). Additionally, Plaintiffs' reliance on *Young* is misplaced as the underlying facts are easily distinguished from the present matter. These Defendants deny that the facts in *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503 (1969) are comparable to those in the present matter. To the extent that this Paragraph suggests fault on the part of these Defendants, that is denied.

62.      These Defendants admit that Plaintiff BAP arrived at Livingston Academy on August 25, 2020. These Defendants do not have enough information to admit or deny what her purpose was for being at Livingston Academy on that date and so deny the remaining allegations and demand proof.

63.      Upon information and belief, it is admitted that BAP was wearing a shirt stating, "Homosexuality is a sin" and "1 Corinthians 6:9-10." These Defendants are without sufficient information to admit or deny the allegations pertaining to BAP's political viewpoints and religious beliefs and how the message on this shirt relates to any such alleged political viewpoints or religious beliefs and so deny the same.

64.      These Defendants admit that BAP was in Defendant Henson's classroom on August 25, 2020. The remaining allegations in Paragraph 64 are denied.

65.      The Defendants admit that BAP attended Mr. Henson's class on August 25, 2020. These Defendants admit that Defendant Henson had a document in his room that included the words quoted in Paragraph 65. The remaining allegations in Paragraph 65

11

are denied.

66. These Defendants admit that BAP attended Mr. Henson's class on August 25, 2020. These Defendants admit that the words "True Colors Fund" are on the document attached as Exhibit 1. Upon information and belief, it is admitted that the document attached to the First Amended Complaint as Exhibit 1, or a similar version, can be found on the True Colors United website. https://truecolorsunited.org/. These Defendants do not have enough information to admit or deny whether True Colors United created the document at issue. The remaining allegations in Paragraph 66 are denied.

67. These Defendants admit that the quote attributed to Cyndi Lauper in Paragraph 67 is on the True Colors United website. https://truecolorsunited.org/about/ but deny the materiality of the quote. These Defendants deny the remaining allegations as stated. These Defendants admit, upon information and belief, that the mission of True Colors United, a non-profit 501(c)(3) organization, is to implement "innovative solutions to youth homelessness that focus on the unique experiences of LGBTQ young people" as that is the mission explicitly stated on its website. https://truecolorsunited.org/about/. These Defendants deny the materiality of the mission of True Colors United in the present matter.

68. The allegations in Paragraph 68 are denied as stated. These Defendants admit that Defendant Henson was instructed by Defendant Melton to tell BAP to report to the main office and that Mr. Henson followed this instruction.

69. The allegations in Paragraph 69 are denied as stated. These Defendants admit that

12

Defendant Henson was instructed by Defendant Melton to tell BAP to report to the main office and that Mr. Henson followed this instruction.

70. The allegations in Paragraph 70 are denied as stated. These Defendants admit that Defendant Henson was instructed by Defendant Melton to tell BAP to report to the office and that Mr. Henson followed this instruction and that BAP then went to the office.

71. Upon information and belief, the allegations in Paragraph 71 are admitted.

72. Upon information and belief, the allegations in Paragraph 72 are admitted but their materiality is denied.

73. These Defendants admit that Defendant Melton told Plaintiff BAP that her shirt was in violation of the provision of the dress code that prohibited sexual connotations.

74. The allegations in Paragraph 74 are admitted.

75. The allegations in Paragraph 75 are denied as stated. These Defendants admit that Defendant Melton asked BAP whether she had a sweatshirt that she could put on to cover up the shirt.

76. The allegations in Paragraph 76 are denied as stated. These Defendants admit that, when Defendant Melton asked Plaintiff BAP if she had a sweatshirt, she responded in the negative.

77. The allegations in Paragraph 77 are denied as stated. These Defendants admit that Defendant Helton offered that Plaintiff BAP could contact her parents about bringing a change of clothing.

78. The allegations in Paragraph 78 are denied as stated. Defendant Melton did not issue

any "warning" to BAP. These Defendants admit that BAP did remain in the main office and was told that she could not return to class until she changed or covered her clothing, in order to be in compliance with the dress code.

79. Upon information and belief, the allegations in Paragraph 79 are admitted.

80. These Defendants do not have enough information to admit or deny the allegations in Paragraph 80.

81. These Defendants admit that Richard Penkoski called the main office on August 25, 2020 and spoke to Defendant Melton. The remaining allegations in Paragraph 81 are generally admitted.

82. The allegations in Paragraph 82 are admitted.

83. The allegations in Paragraph 83 are admitted.

84. The allegations in Paragraph 84 are denied as stated. These Defendants admit that Richard Penkoski called the main office on August 25, 2020. These Defendants admit that Plaintiff Penkoski was told that Defendant Melton was on the other line and was asked whether he could hold, to which Plaintiff Penkoski responded in the affirmative. Plaintiff Penkoski was on hold for approximately six minutes. The materiality of this allegation is denied.

85. The allegations in Paragraph 85 are denied as stated. These Defendants admit that Richard Penkoski asked Defendant Melton for clarification about the dress code.

86. These Defendants admit that Defendant Melton read from the dress code while on the phone with Plaintiff Penkoski and that he noted that Plaintiff BAP's shirt violated the provision of the dress code that prohibits clothing with sexual connotations.

14

87.    These Defendants admit that Plaintiff Penkoski asked for clarification about the term "sexual connotations."

88.    The allegations in Paragraph 88 are denied as stated. These Defendants admit that, while speaking to Plaintiff BAP, Defendant Melton told her that her shirt violated the dress code as it contained the word "sex," and that clothing with sexual connotations is prohibited.

89.    The allegations in Paragraph 89 are denied. Depending upon the context, the word "sex" on an article of clothing worn at Livingston Academy may amount to a violation of the dress code.

90.    The allegations in Paragraph 90 are denied as stated. Depending upon the context, the word "sex" may be prohibited from being spoken in the school setting under certain circumstances. Further, there are multiple circumstances where the word "sex" may be spoken during the school day for legitimate, education-based reasons. The remaining allegations in Paragraph 90 are denied, and their materiality is denied.

91.    The allegations in Paragraph 91 are denied as stated. These Defendants admit that, on August 25, 2020, the word "homosexuality" on BAP's shirt amounted to a sexual connotation and was therefore a violation of the dress code.

92.    The allegations in Paragraph 92 are denied as stated. Depending upon the context, the word "homosexuality" may be prohibited from being spoken in the school setting under certain circumstances. Further, there are multiple circumstances where the word "homosexuality" may be spoken during the school day for legitimate reasons. The materiality of this allegation is denied.

93. The allegations in Paragraph 93 are denied as stated. Defendant Melton did state that BAP's shirt violated the dress code but did not remark that BAP would be "forced" to go home. Plaintiff Penkoski volunteered that he and his wife would come and pick Plaintiff BAP up, and Defendant Melton told Plaintiff Penkoski that was up to him.

94. The allegations in Paragraph 94 are admitted.

95. Upon information and belief, the allegations in Paragraph 95 are admitted.

96. Upon information and belief, the allegations in Paragraph 96 are admitted but their materiality is denied. These Defendants admit that, during his conversation with Plaintiff Penkoski, Defendant Melton stated that Plaintiff BAP's shirt could be disruptive due to its sexual connotation.

97. The allegations in Paragraph 97 are admitted.

98. The allegations in Paragraph 98 are denied as stated. BAP's stepmother arrived to take her home at approximately 10:55 am on August 25, 2020. BAP was marked absent for only the last three blocks of classes on that date. These Defendants deny the classification that being marked absent is a demerit.

99. The allegations in Paragraph 99 are denied.

100. These Defendants do not have sufficient information to admit or deny the allegations in Paragraph 100 and so deny the same. To the extent that this Paragraph is intended to allege fault on the part of these Defendants, that is denied.

101. The allegations in Paragraph 101 are denied. To the extent that this Paragraph is intended to allege fault on the part of these Defendants, that is denied.

102. To the extent that this Paragraph is intended to allege or support any claims asserted by

16

Plaintiff Richard Penkoski against these Defendants, it is moot as all of Plaintiff Richard Penkoski's claims against these Defendants have been dismissed by this Court. (**Doc. No. 68 at p. 5**). Even if these claims had not been dismissed, these Defendants do not have sufficient information to admit or deny the allegations in Paragraph 102 and so defer to and adopt by reference the answer offered by Defendant Overton County Board of Education in response to these allegations. To the extent that this Paragraph is intended to allege fault on the part of these Defendants, that is denied.

103.    To the extent that this Paragraph is intended to allege or support any claims asserted by Plaintiff Richard Penkoski against these Defendants, it is moot as all of Plaintiff Richard Penkoski's claims against these Defendants have been dismissed by this Court. (**Doc. No. 68 at p. 5**). Even if these claims had not been dismissed, these Defendants do not have sufficient information to admit or deny the allegations in Paragraph 103 and so defer to and adopt by reference the answer offered by Defendant Overton County Board of Education in response to these allegations. To the extent that this Paragraph is intended to allege fault on the part of these Defendants, that is denied.

104.    The allegations in this Paragraph are moot as all of Plaintiff Richard Penkoski's claims against these Defendants have been dismissed by this Court. (**Doc. No. 68 at p. 5**). Even if they had not been dismissed, these allegations are denied.

105.    The allegations in this Paragraph are moot as all of Plaintiff Richard Penkoski's claims against these Defendants have been dismissed by this Court. (**Doc. No. 68 at p. 5**). Even if they had not been dismissed, these allegations are denied.

106.    To the extent that this Paragraph is intended to allege or support any claims asserted by

Plaintiff Richard Penkoski against these Defendants, it is moot as all of Plaintiff Richard Penkoski's claims against these Defendants have been dismissed by this Court. (**Doc. No. 68 at p. 5**). Even if they had not been dismissed, these Defendants are without sufficient information to admit or deny these allegations and so deny the same. To the extent that this Paragraph is intended to allege fault on the part of these Defendants, that is denied.

107. To the extent that this Paragraph is intended to allege or support any claims asserted by Plaintiff Richard Penkoski against these Defendants, it is moot as all of Plaintiff Richard Penkoski's claims against these Defendants have been dismissed by this Court. (**Doc. No. 68 at p. 5**). Even if they had not been dismissed, these Defendants are without sufficient information to admit or deny these allegations and so deny the same. To the extent that this Paragraph is intended to allege fault on the part of these Defendants, that is denied.

108. This Paragraph is under a subheading in the First Amended Complaint stating, "examples of not equally enforcing." These allegations are therefore moot, as all of Plaintiffs' equal protection claims against these Defendants have been dismissed by this Court. (**Doc. No. 68 at p. 14**). Notwithstanding the foregoing, use of the phrase "substantially similar" is vague and subject to differing interpretations, such that these Defendants do not have enough information to admit or deny these allegations and so deny the same.

109. This Paragraph and its subparts are under a subheading in the First Amended Complaint stating, "examples of not equally enforcing." These allegations are therefore moot, as

18

all of Plaintiffs' equal protection claims against these Defendants have been dismissed by this Court. (**Doc. No. 68 at p. 14**). Even if these allegations had not been dismissed, these Defendants are without sufficient information to admit or deny these allegations and so deny the same.

## GENERAL ALLEGATIONS

110. The allegations in Paragraph 110 are denied as moot as, upon information and belief, BAP no longer attends Livingston Academy or any school operated by Overton County Board of Education, and Plaintiffs no longer reside in Overton County. Assuming, *arguendo*, these allegations are not mooted, they are denied.

111. The allegations in Paragraph 111 are denied.

112. The allegations in Paragraph 112 are denied.

113. The allegations in Paragraph 113 are denied.

114. The allegations in Paragraph 114 are denied as moot for multiple reasons. First, upon information and belief, BAP no longer attends Livingston Academy or any school operated by Overton County Board of Education, and Plaintiffs no longer reside in Overton County so none of Richard Penkoski's other children attend any schools operated by Overton County Board of Education. Second, all of Plaintiff Richard Penkoski's claims against these Defendants have been dismissed by this Court. (**Doc. No. 68 at p. 5**). Even if these allegations are not mooted, they are denied.

115. The allegations in Paragraph 115 are denied. Further, to the extent that this Paragraph is intended to assert claims on behalf of Plaintiff Richard Penkoski, they are denied as moot as all of Plaintiff Richard Penkoski's claims against these Defendants have been

19

dismissed by this Court. (**Doc. No. 68 at p. 5**).

116.    The allegations in Paragraph 116 are denied. Further, to the extent that this Paragraph is intended to assert claims on behalf of Plaintiff Richard Penkoski, they are denied as moot as all of Plaintiff Richard Penkoski's claims against these Defendants have been dismissed by this Court. (**Doc. No. 68 at p. 5**).

117.    The allegations in Paragraph 117 are denied.

118.    The allegations in Paragraph 118 are denied as moot as, upon information and belief, BAP no longer attends Livingston Academy or any school operated by Overton County Board of Education, and Plaintiffs no longer reside in Overton County. Assuming, *arguendo*, these allegations are not mooted, they are denied.

119.    The allegations in Paragraph 119 are denied as moot for multiple reasons. First, upon information and belief, BAP no longer attends Livingston Academy or any school operated by Overton County Board of Education, and Plaintiffs no longer reside in Overton County so none of Richard Penkoski's other children attend any schools operated by Overton County Board of Education. Second, all of Plaintiff Richard Penkoski's claims against these Defendants have been dismissed by this Court. (**Doc. No. 68 at p. 5**). Even if these allegations are not mooted, they are denied.

120.    The allegations in Paragraph 120 are denied as moot for multiple reasons. First, upon information and belief, BAP no longer attends Livingston Academy or any school operated by Overton County Board of Education, and Plaintiffs no longer reside in Overton County so none of Richard Penkoski's other children attend any schools operated by Overton County Board of Education. Second, all of Plaintiff Richard

20

Penkoski's claims against these Defendants have been dismissed by this Court. (**Doc. No. 68 at p. 5**). Even if these allegations are not mooted, they are denied.

121. The allegations in Paragraph 121 are denied as moot as, upon information and belief, BAP no longer attends Livingston Academy or any school operated by Overton County Board of Education, and Plaintiffs no longer reside in Overton County. Assuming, *arguendo*, these allegations are not mooted, they are denied.

122. The allegations in Paragraph 122 are denied. Further, to the extent that Plaintiffs assert future injury, damage, or hardship, those allegations are denied as moot for multiple reasons. First, upon information and belief, BAP no longer attends Livingston Academy or any school operated by Overton County Board of Education, and Plaintiffs no longer reside in Overton County so none of Richard Penkoski's other children attend any schools operated by Overton County Board of Education. Second, to the extent that this Paragraph is intended to assert claims on behalf of Plaintiff Richard Penkoski, they are denied as moot as all of Plaintiff Richard Penkoski's claims against these Defendants have been dismissed by this Court. (**Doc. No. 68 at p. 5**).

123. The allegations in Paragraph 123 are denied.

124. The allegations in Paragraph 124 are denied. Further, to the extent that this Paragraph is intended to assert claims on behalf of Plaintiff Richard Penkoski, they are denied as moot as all of Plaintiff Richard Penkoski's claims against these Defendants have been dismissed by this Court. (**Doc. No. 68 at p. 5**).

125. The allegations in Paragraph 125 are generally admitted. It is denied that any of the Plaintiffs' constitutional and civil rights were violated at any point in time. To the

21

extent that this Paragraph is intended to allege fault on the part of these Defendants, that is denied.

126. The allegations in Paragraph 126 are denied.

127. The allegations in Paragraph 127 are denied.

128. The allegations in Paragraph 128 are denied.

129. The allegations in Paragraph 129 are denied.

130. These Defendants admit that their actions were consistent with the relevant provisions of the 2020-21 Livingston Academy student handbook. These Defendants deny that their actions violated Plaintiff BAP's freedom of speech and free exercise of religion.

131. The allegations in Paragraph 131 are denied.

132. The allegations regarding alleged failure of Defendant Melton to adequately supervise and train are denied as moot as all of Plaintiffs' allegations against Defendant Melton under those theories have been dismissed by this Court. (**Doc. No. 68 at p. 10-11**). Even if these allegations were not dismissed, they are denied. The remaining allegations in Paragraph 132 are denied.

133. The allegations regarding alleged failure of Defendant Melton to adequately supervise and train are denied as moot as all of Plaintiffs' allegations against Defendant Melton under those theories have been dismissed by this Court. (**Doc. No. 68 at p. 10-11**). Even if these allegations were not dismissed, they are denied. The remaining allegations in Paragraph 133 are denied.

134. The allegations regarding alleged failure of Defendant Melton to adequately train are denied as moot as all of Plaintiffs' allegations against Defendant Melton under those

theories have been dismissed by this Court. (**Doc. No. 68 at p. 10-11**). Even if these allegations were not dismissed, they are denied. The remaining allegations in Paragraph 134 are denied.

135.    These Defendants deny this allegation in part as several claims that Plaintiffs asserted against these Defendants have already been dismissed. (**Doc. No. 168**).

136.    The allegations in Paragraph 136 are denied.

137.    This Paragraph does not require a Response.

138.    The allegations in Paragraph 138 are admitted.

139.    The allegations in Paragraph 139 are denied.

140.    The allegations in Paragraph 140 are denied.

141.    The allegations in Paragraph 141 are denied. Depending upon the context, the word "sex" on an article of clothing worn at Livingston Academy may amount to a violation of the dress code.

142.    The allegations in Paragraph 142 are denied as stated. Depending upon the context, the word "sex" may be prohibited from being spoken in the school setting under certain circumstances. Further, there are multiple circumstances where the word "sex" may be spoken during the school day for legitimate, education-based reasons.

143.    The allegations in Paragraph 143 are denied as stated. Depending upon the context, the word "sex" may be prohibited from being written in the school setting under certain circumstances. Further, there are multiple circumstances where the word "sex" may be written during the school day for legitimate, education-based reasons.

144.    The allegations in Paragraph 144 are denied as stated. These Defendants admit that, on

23

August 25, 2020, the word "homosexuality" on BAP's shirt amounted to a sexual connotation and was therefore a violation of the dress code.

145. The allegations in Paragraph 145 are denied as stated. Depending upon the context, the word "homosexuality" may be prohibited from being spoken in the school setting under certain circumstances. Further, there are multiple circumstances where the word "homosexuality" may be spoken during the school day for legitimate reasons.

146. The allegations in Paragraph 146 are denied as stated. Depending upon the context, the word "homosexuality" may be prohibited from being written in the school setting under certain circumstances. Further, there are multiple circumstances where the word "homosexuality" may be written during the school day for legitimate, education-based reasons.

147. The allegations in Paragraph 147 and all of its subparts are denied. Further, the allegations regarding alleged failure of Defendant Melton to adequately supervise and train are denied as moot as all of Plaintiffs' allegations against Defendant Melton under those theories have been dismissed by this Court. (**Doc. No. 68 at p. 10-11**).

148. The allegations in Paragraph 148 are denied.

149. The allegations in Paragraph 149 are denied as stated. These Defendants admit that word "homosexuality" on the shirt that Plaintiff BAP was wearing on August 25, 2020 amounted to a sexual connotation and was therefore a violation of Livingston Academy's 2020-21 dress code.

150. The allegations in Paragraph 150 are denied.

151. The allegations in Paragraph 151 are denied.

24

152. The allegations in Paragraph 152 are denied. Further, to the extent that this Paragraph is intended to assert claims on behalf of Plaintiff Richard Penkoski, they are denied as moot as all of Plaintiff Richard Penkoski's claims against these Defendants have been dismissed by this Court. (**Doc. No. 68 at p. 5**).

153. To the extent that this Paragraph is intended to allege or support any claims asserted by Plaintiff Richard Penkoski against these Defendants, it is denied as moot as all of Plaintiff Richard Penkoski's claims against these Defendants have been dismissed by this Court. (**Doc. No. 68 at p. 5**). Even if these claims had not been dismissed, these Defendants do not have sufficient information to admit or deny the allegations in Paragraph 153 and so defer to and adopt by reference the answer offered by Defendant Overton County Board of Education in response to these allegations. To the extent that this Paragraph is intended to allege fault on the part of these Defendants, that is denied.

154. The allegations in Paragraph 154 are denied. Further, all of Plaintiff Richard Penkoski's claims against these Defendants have been dismissed by this Court. (**Doc. No. 68 at p. 5**). It is explicitly denied that Plaintiff BAP will sustain any future harm as, upon information and belief, BAP no longer attends Livingston Academy or any school operated by Overton County Board of Education, and Plaintiffs no longer reside in Overton County.

155. This Paragraph does not require a response.

156. The allegations in Paragraph 156 are admitted.

157. These Defendants do not have sufficient information to admit or deny the allegations in Paragraph 157 and so deny the same.

158. These Defendants are without sufficient information to form an opinion or belief as to how the Plaintiffs interpret the Bible and how their interpretations may or may not motivate their actions.

159. The allegations in Paragraph 159 are denied.

160. The allegations in Paragraph 160 are denied.

161. The allegations in Paragraph 161 are denied.

162. The allegations in Paragraph 162 are denied.

163. The allegations in Paragraph 163 are denied.

164. The allegations in Paragraph 164 are denied. Depending upon the context, the word "sex" on an article of clothing worn at Livingston Academy may amount to a violation of the dress code.

165. The allegations in Paragraph 165 are denied as stated. Depending upon the context, the word "sex" may be prohibited from being spoken in the school setting under certain circumstances. Further, there are multiple circumstances where the word "sex" may be spoken during the school day for legitimate, education-based reasons.

166. The allegations in Paragraph 166 are denied as stated. Depending upon the context, the word "sex" may be prohibited from being written in the school setting under certain circumstances. Further, there are multiple circumstances where the word "sex" may be written during the school day for legitimate, education-based reasons.

167. The allegations in Paragraph 167 are denied as stated. These Defendants admit that, on August 25, 2020, the word "homosexuality" on Plaintiff BAP's shirt amounted to a sexual connotation and was therefore a violation of the dress code.

168. The allegations in Paragraph 168 are denied as stated. Depending upon the context, the word "homosexuality" may be prohibited from being spoken in the school setting under certain circumstances. Further, there are multiple circumstances where the word "homosexuality" may be spoken during the school day for legitimate reasons.

169. The allegations in Paragraph 169 are denied as stated. Depending upon the context, the word "homosexuality" may be prohibited from being written in the school setting under certain circumstances. Further, there are multiple circumstances where the word "homosexuality" may be written during the school day for legitimate, education-based reasons.

170. The allegations in Paragraph 170 and all of its subparts are denied. Further, the allegations regarding alleged failure of Defendant Melton to adequately supervise and train are denied as moot as all of Plaintiffs' allegations against Defendant Melton under those theories have been dismissed by this Court. (**Doc. No. 68 at p. 10-11**).

171. The allegations in Paragraph 171 are denied.

172. The allegations in Paragraph 172 are denied as stated. The word "homosexuality" on the shirt that Plaintiff BAP was wearing on August 25, 2020 amounted to a sexual connotation and was therefore a violation of Livingston Academy's 2020-21 dress code.

173. The allegations in Paragraph 173 are denied.

174. The allegations in Paragraph 174 are denied.

175. The allegations in Paragraph 175 are denied. Further, to the extent that this Paragraph is intended to assert claims on behalf of Plaintiff Richard Penkoski, they are denied as

27

moot as all of Plaintiff Richard Penkoski's claims against these Defendants have been dismissed by this Court. (**Doc. No. 68 at p. 5**).

176. To the extent that this Paragraph is intended to allege or support any claims asserted by Plaintiff Richard Penkoski against these Defendants, it is moot as all of Plaintiff Richard Penkoski's claims against these Defendants have been dismissed by this Court. (**Doc. No. 68 at p. 5**). Even if these claims had not been dismissed, these Defendants do not have sufficient information to admit or deny the allegations in Paragraph 176 and so defer to and adopt by reference the answer offered by Defendant Overton County Board of Education in response to these allegations. To the extent that this Paragraph is intended to allege fault on the part of these Defendants, that is denied.

177. The allegations in Paragraph 177 are denied. Further, all of Plaintiff Richard Penkoski's claims against these Defendants have been dismissed by this Court. (**Doc. No. 68 at p. 5**). It is explicitly denied that Plaintiff BAP will sustain any future harm as, upon information and belief, BAP no longer attends Livingston Academy or any school operated by Overton County Board of Education, and Plaintiffs no longer reside in Overton County.

178. This Paragraph does not require a response.

179. The allegations in Paragraph 179 are included under Plaintiffs' Third Cause of Action, their Due Process Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Due Process claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 13**).

180. The allegations in Paragraph 180 are included under Plaintiffs' Third Cause of Action,

their Due Process Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Due Process claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 13**).

181. The allegations in Paragraph 181 are included under Plaintiffs' Third Cause of Action, their Due Process Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Due Process claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 13**).

182. The allegations in Paragraph 182 are included under Plaintiffs' Third Cause of Action, their Due Process Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Due Process claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 13**).

183. The allegations in Paragraph 183 are included under Plaintiffs' Third Cause of Action, their Due Process Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Due Process claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 13**).

184. The allegations in Paragraph 184 are included under Plaintiffs' Third Cause of Action, their Due Process Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Due Process claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 13**).

185. The allegations in Paragraph 185 are included under Plaintiffs' Third Cause of Action, their Due Process Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Due Process claim against Defendant Melton has been dismissed by this

Court. (**Doc. No. 68 at p. 13**).

186. The allegations in Paragraph 186 are included under Plaintiffs' Third Cause of Action, their Due Process Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Due Process claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 13**).

187. The allegations in Paragraph 187 are included under Plaintiffs' Third Cause of Action, their Due Process Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Due Process claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 13**).

188. The allegations in Paragraph 188 are included under Plaintiffs' Third Cause of Action, their Due Process Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Due Process claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 13**).

189. The allegations in Paragraph 189 are included under Plaintiffs' Third Cause of Action, their Due Process Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Due Process claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 13**).

190. The allegations in Paragraph 190 are included under Plaintiffs' Third Cause of Action, their Due Process Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Due Process claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 13**).

191. The allegations in Paragraph 191 are included under Plaintiffs' Third Cause of Action,

their Due Process Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Due Process claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 13**).

192. The allegations in Paragraph 192 are included under Plaintiffs' Third Cause of Action, their Due Process Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Due Process claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 13**).

193. The allegations in Paragraph 193 are included under Plaintiffs' Third Cause of Action, their Due Process Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Due Process claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 13**).

194. The allegations in Paragraph 194 are included under Plaintiffs' Third Cause of Action, their Due Process Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Due Process claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 13**).

195. The allegations in Paragraph 195 are included under Plaintiffs' Third Cause of Action, their Due Process Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Due Process claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 13**).

196. This Paragraph does not require a response.

197. The allegations in Paragraph 197 are included under Plaintiffs' Fourth Cause of Action, their Equal Protection Claim. Thus, the allegations in this Paragraph are denied as moot

31

as Plaintiffs' Equal Protection claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 14**).

198. The allegations in Paragraph 198 are included under Plaintiffs' Fourth Cause of Action, their Equal Protection Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Equal Protection claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 14**).

199. The allegations in Paragraph 199 are included under Plaintiffs' Fourth Cause of Action, their Equal Protection Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Equal Protection claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 14**).

200. The allegations in Paragraph 200 are included under Plaintiffs' Fourth Cause of Action, their Equal Protection Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Equal Protection claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 14**).

201. The allegations in Paragraph 201 are included under Plaintiffs' Fourth Cause of Action, their Equal Protection Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Equal Protection claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 14**).

202. The allegations in Paragraph 202 are included under Plaintiffs' Fourth Cause of Action, their Equal Protection Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Equal Protection claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 14**).

203.  The allegations in Paragraph 203 are included under Plaintiffs' Fourth Cause of Action, their Equal Protection Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Equal Protection claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 14**).

204.  The allegations in Paragraph 204 are included under Plaintiffs' Fourth Cause of Action, their Equal Protection Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Equal Protection claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 14**).

205.  The allegations in Paragraph 205 are included under Plaintiffs' Fourth Cause of Action, their Equal Protection Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Equal Protection claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 14**).

206.  The allegations in Paragraph 206 are included under Plaintiffs' Fourth Cause of Action, their Equal Protection Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Equal Protection claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 14**).

207.  The allegations in Paragraph 207 are included under Plaintiffs' Fourth Cause of Action, their Equal Protection Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Equal Protection claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 14**).

208.  The allegations in Paragraph 208 are included under Plaintiffs' Fourth Cause of Action, their Equal Protection Claim. Thus, the allegations in this Paragraph are denied as moot

33

as Plaintiffs' Equal Protection claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 14**).

209.	The allegations in Paragraph 209 are included under Plaintiffs' Fourth Cause of Action, their Equal Protection Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Equal Protection claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 14**).

210.	The allegations in Paragraph 210 are included under Plaintiffs' Fourth Cause of Action, their Equal Protection Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Equal Protection claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 14**).

211.	The allegations in Paragraph 211 are included under Plaintiffs' Fourth Cause of Action, their Equal Protection Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Equal Protection claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 14**).

212.	The allegations in Paragraph 212 are included under Plaintiffs' Fourth Cause of Action, their Equal Protection Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Equal Protection claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 14**).

213.	The allegations in Paragraph 213 are included under Plaintiffs' Fourth Cause of Action, their Equal Protection Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Equal Protection claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 14**).

214. The allegations in Paragraph 214 are included under Plaintiffs' Fourth Cause of Action, their Equal Protection Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Equal Protection claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 14**).

215. The allegations in Paragraph 215 are included under Plaintiffs' Fourth Cause of Action, their Equal Protection Claim. Thus, the allegations in this Paragraph are denied as moot as Plaintiffs' Equal Protection claim against Defendant Melton has been dismissed by this Court. (**Doc. No. 68 at p. 14**).

## THIRD DEFENSE

Per this Court's Order dated April 27, 2022 (Doc. No. 68), the only claims remaining against these Defendants are Plaintiff BAP's First Amendment claims.

## FOURTH DEFENSE

Plaintiffs are not entitled to any of the relief requested.

## FIFTH DEFENSE

These Defendants deny that they violated Plaintiff BAP's First Amendment rights.

## FIFTH DEFENSE

These Defendants' interest in the effective and efficient operation of Livingston Academy and enforcement of applicable policies, rules, and procedures, including but not limited to the dress code and Overton County Board of Education Policy 6.304, outweighs any interest Plaintiff BAP may have in her free speech or freedom of religion with regard to the clothing at issue.

## SIXTH DEFENSE

The sentence on Plaintiff BAP's shirt on August 25, 2020 risked causing substantial

35

disruption and/or material interference with school activities at Livingston Academy that would have interfered with the school's work and/or collided with the rights of others at the school.

**SEVENTH DEFENSE**

These Defendants assert the doctrine of qualified immunity as a complete bar to any claims against them.

**EIGHTH DEFENSE**

With respect to any allegations contained in Plaintiffs' First Amended Complaint not previously admitted, explained, or denied, these Defendants deny the same and demand strict proof.

**WHEREFORE, PREMISES CONSIDERED**, these Defendants pray that this Court dismisses Plaintiffs' action and taxes costs accordingly.

Respectfully submitted,

**BENNETT & DECAMP, PLLC**

BY:  /s/ *D. Scott Bennett*
　　　**D. SCOTT BENNETT – TNBPR: 015988**
　　　**MARY C. DECAMP – TNBPR: 027182**
　　　*Attorneys for Defendant Richard Melton,*
　　　*in his individual capacity and Defendant*
　　　*Stephen Henson, in his individual capacity*
　　　735 Broad Street
　　　Suite 214
　　　Chattanooga, TN  37402
　　　(423) 498-3789
　　　dsb@bennettdecamp.com
　　　mcd@bennettdecamp.com

36

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on **June_15, 2022** a true and correct copy of the foregoing Notice of Change of Address has been served via email through the Court's ECF system on the following:

Kristin Fecteau Mosher, Esq.
**The Law Office of Kristin Fecteau**
5543 Edmonson Pike
Nashville, TN 37211
Telephone: (615) 496-5747
E-mail: kristin@fecteaulaw.com
*Attorney for Plaintiffs*

Frederick H. Nelson, Esq.
David J. Markese, Esq.
**American Liberties Institute**
P. O. Box 547503
Orlando, FL 32854-7503
Telephone: (407) 786-7007
Facsimile: (877) 786-3573
E-mail: rick@ali-usa.org
E-mail: dmakese@ali-usa.org
*Attorneys for Plaintiffs*

Kenneth S. Williams, Esq.
**Wimberly Lawson**
**Wright Daves & Jones, PLLC**
P.O. Box 655
1420 Neal Street, Suite 201
Cookeville, TN 38503-0655
Telephone (931) 372-9123
kwilliams@wimberlylawson.com
*Attorney for Defendant*
*Overton County Board of Education*

BY:     /s/  *D. Scott Bennett*_____
        **D. SCOTT BENNETT—TNBPR: 015988**
        **MARY C. DECAMP – TNBPR: 027182**

37